HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLOTTE WINELAND, Individually, and SUSAN WINELAND, as Personal Representative of the Estate of JOHN DALE WINELAND, Deceased,<br><br>Plaintiffs,<br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.<br><br>Defendants. | Case No. 2:19-cv-00793-RSL<br><br>DEFENDANT CRANE CO.'S MOTION FOR SUMMARY JUDGMENT<br><br>NOTED FOR HEARING:<br>January 24, 2020<br><br>ORAL ARGUMENT REQUESTED |

## I.  INTRODUCTION AND RELIEF REQUESTED

Crane Co. respectfully requests that this Court dismiss all of Plaintiffs' claims against it for at least two reasons. First, Plaintiffs have set forth no evidence or testimony indicating that Mr. Wineland worked with or around Crane Co. products at any time, including in a manner that exposed him to asbestos. Accordingly, they cannot satisfy their burden to show that asbestos exposure resulting from Crane Co. products was a substantial factor in the development of Mr. Wineland's alleged disease. Second, even if Plaintiffs were able to identify any evidence that Mr. Wineland worked with or around Crane Co. products (which they have not), Plaintiffs further could not demonstrate that such products contained asbestos-containing original component parts for which Crane Co. is responsible. Plaintiffs' claims should be dismissed with prejudice.

DEFENDANT CRANE CO.'S MOTION
FOR SUMMARY JUDGMENT - 1
(Case No. 2:19-cv-00793-RSL)

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 370-7955
FACSIMILE: (206) 370-6169

## II. STATEMENT OF FACTS

Plaintiffs brought claims in this lawsuit against approximately 26 defendants, including Crane Co., alleging that defendants manufactured, supplied, or were otherwise responsible for asbestos-containing products that caused Mr. Wineland to develop mesothelioma. *See* Dkt. 53. Crane Co. is a manufacturer of industrial equipment. Plaintiffs allege that during his time in the Navy, Mr. Wineland operated and maintained equipment that Crane Co. and other manufacturers designed to work with asbestos-containing component parts and insulation. *Id.* at ¶¶ 3.1-3.4.

Mr. Wineland did not give a deposition prior to his passing. Declaration of G. William Shaw, filed herewith, ¶2. Plaintiffs have not identified any fact witnesses to testify regarding Mr. Wineland's work in the Navy, including his alleged work with Crane Co. equipment. *Id.*

## III. AUTHORITY

### 1. Summary Judgment Standard

Under Fed. R. Civ. P. 56(a), summary judgment is proper where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. If a defendant has met this burden, the burden shifts to the plaintiff. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). If the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," then the trial court should grant the motion. *Id.* A mere "scintilla" of evidence is insufficient to avoid summary judgment; rather, "there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). A plaintiff may not rely on mere conclusory allegations unsupported by factual data to establish the existence of a factual dispute. *Hansen v. U.S.*, 7 F.3d 137, 138 (9th Cir. 1993).

### 2. Plaintiffs cannot establish that Mr. Wineland was exposed to respirable asbestos from a product manufactured, sold, or specified for use by Crane Co.

Whether the Court applies maritime or Washington law, Plaintiffs cannot meet their burden of proof. Under maritime law, plaintiffs must demonstrate that exposure to a particular product

DEFENDANT CRANE CO.'S MOTION
FOR SUMMARY JUDGMENT - 2
(Case No. 2:19-cv-00793-RSL)

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 370-7955
FACSIMILE: (206) 370-6169

1 was a substantial contributing factor to the plaintiff's injury. *McIndoe v. Huntington Ingalls Inc.*,
2 817 F.3d 1170, 1174-1176 (9th Cir. 2016); *Lindstrom v. A-C Product Liab. Trust*, 424 F.3d 488,
3 492 (6th Cir. 2005), *overruled on other grounds by Air & Liquid Sys. Corp. v. DeVries*, 139 S. Ct.
4 986 (2019). To satisfy this burden, the plaintiff must provide evidence "that the injured person
5 had substantial exposure to the relevant asbestos for a substantial period of time." *McIndoe*, 817
6 F.3d at 1176.

7 Under Washington law, a plaintiff must furnish sufficient evidence to support an inference
8 that the product was a substantial factor in causing the injury. *See, e.g.*, *Lockwood v. AC&S, Inc.*,
9 109 Wn.2d 235, 245-248, 744 P.2d 605 (1987). Washington courts consider a number of factors
10 to determine whether a sufficient causal connection exists between the alleged injury and an
11 asbestos-containing product. These factors include the plaintiff's proximity to the product; the
12 expanse of the worksite where the asbestos fibers were released; the amount of time the plaintiff
13 was exposed; the types of products to which plaintiff was exposed; the amount of asbestos
14 contained in the product; the tendency of the product to release asbestos fiber; and the manner in
15 which the products were handled. *Lockwood*, 109 Wn.2d at 248-49.

16 Here, there is no evidence or testimony that Mr. Wineland worked with or around Crane
17 Co. products. Accordingly, Plaintiffs have not and cannot provide sufficient evidence to
18 demonstrate that asbestos exposure from any product associated with Crane Co. was a substantial
19 factor in the development of Mr. Wineland's alleged disease.

20 Moreover, as several recent Western District of Washington cases involving allegations of
21 asbestos exposure reflect, even if Plaintiffs were able to show that Mr. Wineland at some point
22 worked at a location where a Crane Co. product was present, such evidence, in and of itself, would
23 still be insufficient to defeat summary judgment. In *Yaw v. Air & Liquid Systems Corp.*, 2019 WL
24 3531232, at *2 (W.D. Wash., Sept. 25, 2019), the plaintiff identified particular ships on which he
25 worked, including in dusty engine and boiler rooms. The court nonetheless granted summary
26 judgment to the defendant equipment manufacturers, holding that plaintiff had "fail[ed] to identify

DEFENDANT CRANE CO.'S MOTION
FOR SUMMARY JUDGMENT - 3
(Case No. 2:19-cv-00793-RSL)

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 370-7955
FACSIMILE: (206) 370-6169

1 a specific time that [plaintiff] was on a particular ship and exposed to a particular product that had
2 produced or was producing asbestos dust." *Id.* at *4. The court further noted that establishing the
3 mere presence of a defendant's products in the workplace is "insufficient." *Id.*

4 In another recent case, plaintiff alleged that the decedent worked around pumps that were
5 covered with asbestos insulation. *Klopman-Baerselman v. Air & Liquid Systems Corporation*,
6 2019 WL 5064765, at *2 (W.D. Wash., Oct. 9, 2019). Plaintiff further presented evidence that
7 defendant supplied a pump to one of the ships where the decedent worked. *Id.* at *1. The court,
8 however, held that plaintiff's evidence was insufficient to show a reasonable connection between
9 the decedent's injuries and the defendant's products, noting that plaintiff did not offer "testimony
10 of witnesses with personal knowledge of decedent using or otherwise being exposed to an
11 asbestos-containing product for which [defendant] is responsible." *Id.* at *4. Likewise, in *Deem
12 v. Air & Liquid Systems Corporation*, 2019 WL 6251040, at *3 (W.D. Wash., Nov. 22, 2019), one
13 of the decedent's former co-workers testified that he worked on the defendant's products, and the
14 decedent would have as well, because "[t]hat was part of our trade." Despite this testimony, the
15 co-worker could not recall any particular brand of equipment that he and the decedent worked on
16 together. *Id.* The court held that plaintiff's evidence was insufficient to defeat summary judgment.
17 *Id.* at *5.

18 Conversely, in *Mikelsen v. Air & Liquid Systems Corporation*, 2018 WL 4896247, at *4,
19 n.6, (W.D. Wash., Oct. 10, 2018), this Court denied a defendant manufacturer's motion for
20 summary judgment, noting that "[p]laintiffs have provided evidence specific to [defendant],
21 including the types of products sold, the volume of product in the workplace, the way asbestos-
22 containing materials were handled, the workplace environment, [plaintiff's] proximity to work that
23 generates asbestos dust, dispersal rates, and the length of time [plaintiff] worked around
24 [defendant's products]." Here, however, there is no evidence or testimony specific to Crane Co.,
25 let alone that Mr. Wineland's work with or around Crane Co. products exposed him to asbestos.
26 Plaintiffs cannot meet their burden.

DEFENDANT CRANE CO.'S MOTION
FOR SUMMARY JUDGMENT - 4
(Case No. 2:19-cv-00793-RSL)

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 370-7955
FACSIMILE: (206) 370-6169

**3. Crane Co. had no duty to warn about products it did not manufacture, supply, or sell.**

The Washington Supreme Court has held that equipment manufacturers may not be held liable, under negligence or strict products liability, for failing to warn of the defects and dangers posed by a product that they did not manufacture, sell, or otherwise place into the stream of commerce. *Braaten v. Saberhagen Holdings, Inc.*, 165 Wn.2d 373, 396-97, 198 P.3d 493 (2008) (equipment manufacturer is entitled to summary judgment where plaintiff fails to present admissible evidence that he was actually exposed to original asbestos-containing gaskets or packing); *Simonetta v. Viad Corp.*, 165 Wn.2d 341, 353-54, 362-63, 197 P.3d 127 (2008) (same as to external insulation); *see also Air & Liquid Sys. Corp. v. DeVries*, 139 S. Ct. 986 (under maritime law, manufacturer owes a duty to warn for third-party component parts only when (1) its product requires incorporation of a part, (2) the manufacturer knows or has reason to know that the integrated product is likely to be dangerous for its intended uses, and (3) the manufacturer had no reason to believe the user would realize the hazard). To the extent Plaintiffs' theory as to Crane Co. rests on exposure that Mr. Wineland may have had to asbestos-containing products made, sold, or installed by others, but somehow encountered by Mr. Wineland while he was in proximity to Crane Co. products, their claim(s) should be dismissed.

At issue in the *Simonetta* case was an evaporator that was installed on a Navy vessel, the USS SAUFLEY, in the early 1940s. *Id.* at 346. After it was installed, and pursuant to Navy requirements, the evaporator was insulated with asbestos-containing insulation that was manufactured, sold, and installed by other companies. *Id.* Since the maker of the evaporator had not manufactured, sold, or specified the use of the insulation or otherwise placed it in the stream of commerce, the Court held that it could not be held liable under theories of negligence or products liability. *Id.* at 362-63.

The defendants in *Braaten* were valve and pump manufacturers whose equipment was also installed aboard Navy vessels. *Braaten*, 165 Wn.2d at 379. As was the case with the evaporator

DEFENDANT CRANE CO.'S MOTION
FOR SUMMARY JUDGMENT - 5
(Case No. 2:19-cv-00793-RSL)

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 370-7955
FACSIMILE: (206) 370-6169

1 in *Simonetta*, the pumps and valves at issue in *Braaten* also sometimes received asbestos-
2 containing insulation pursuant to Navy requirements, and Mr. Braaten claimed exposure to such
3 insulation.  *Id.* at 381.  As it did in *Simonetta*, the court determined the valve and pump
4 manufacturers were not liable to Mr. Braaten absent proof that they had manufactured or sold the
5 insulation or otherwise placed it into the stream of commerce.  *Id.* at 396-97.

6 　　　　In addition, the Court in *Braaten* also addressed the equipment manufacturers' liability
7 with respect to replacement packing and gaskets.  *Id.* at 391.  Although Mr. Braaten claimed
8 exposure to packing and gasket inside the defendants' equipment, the evidence was insufficient to
9 show that he had worked with the original packing and gaskets supplied by the defendants, as
10 opposed to replacement packing and gaskets that were manufactured and supplied by others.  *Id.*
11 at 396-97.  Absent proof that the packing and gaskets to which Mr. Braaten was exposed were
12 manufactured or sold by the defendant equipment manufacturers, or that the equipment
13 manufacturers had specified or required the use of said material,[1] there was an insufficient
14 connection by which to impose liability upon them under principles of negligence or strict products
15 liability.  *Id.*

16 　　　　Plaintiffs have no evidence that Mr. Wineland ever worked on or around Crane Co.
17 products, let alone that such products contained component parts for which Crane Co. is
18 responsible.  Without such evidence, Plaintiffs cannot establish that Mr. Wineland was exposed to
19 asbestos-containing materials for which Crane Co. is responsible.  Accordingly, Plaintiffs' claims
20 should be dismissed with prejudice.

21 //
22 //

23
24 [1] The *Braaten* court specifically found that Crane Co. valves could be used with both asbestos-containing and non-asbestos-containing parts, and thus did not require the use of asbestos-containing materials. *See id.*; *see also O'Neil*
25 *v. Crane Co.*, 266 P.3d 987, 992 (Cal. 2012) (holding that, while Navy specifications, at times, mandated the use of asbestos-containing gasket materials, Crane Co. valves did not require such materials to operate, and it was entirely the decision of the Navy to use such materials with its shipboard equipment).  Accordingly, even if this Court were to
26 determine the "required use" test for legal responsibility applied in *DeVries* applicable here, summary judgment would be warranted pursuant to the conclusion of the Washington Supreme Court.

DEFENDANT CRANE CO.'S MOTION
FOR SUMMARY JUDGMENT - 6
(Case No. 2:19-cv-00793-RSL)

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 370-7955
FACSIMILE: (206) 370-6169

## IV. CONCLUSION

For the foregoing reasons, Crane Co. respectfully requests that the Court dismiss Plaintiffs' claims against it with prejudice.

DATED this 2nd day of January, 2020.

K&L GATES LLP

By: *s/ G. William Shaw*
G. William Shaw, WSBA # 8573
Ryan J. Groshong, WSBA # 44133
925 4th Avenue, Suite 2900
Seattle, WA  98104
Email:  bill.shaw@klgates.com
ryan.groshong@klgates.com
se.asbestos@klgates.com

*Attorneys for Crane Co.*

DEFENDANT CRANE CO.'S MOTION
FOR SUMMARY JUDGMENT - 7
(Case No. 2:19-cv-00793-RSL)

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 370-7955
FACSIMILE: (206) 370-6169

# CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2020, I caused the foregoing to be served via email on all parties of record as follows:

| | |
|---|---|
| Brian D. Weinstein<br>Alexandra B. Caggiano<br>Weinstein Caggiano PLLC<br>601 Union Street, Suite 2420<br>Seattle, WA  98101<br>Email:  brian@weinsteincaggiano.com<br>            alex@weinsteincaggiano.com<br>            service@weinsteincaggiano.com<br><br>Scott L. Frost<br>Andrew Seitz (*admitted pro hac vice*)<br>Frost Law Firm PC<br>273 West 7th Street<br>San Pedro, CA  90731<br>Email: scott@frostlawfirm.com<br>           andrew@frostlawfirm.com<br>           admin@frostlawfirm.com<br><br>***Attorneys for Plaintiffs*** | Mark B. Tuvim<br>Kevin J. Craig<br>Trevor J. Mohr<br>Gordon & Rees Scully Mansukhani, LLP<br>701 Fifth Avenue, Suite 2100<br>Seattle, WA 98104<br>Email:  mtuvim@grsm.com<br>            kcraig@grsm.com<br>            tmohr@grsm.com<br>            seaasbestos@grsm.com<br><br>***Attorneys for Air & Liquid Systems Corporation; Ingersoll-Rand Company; Milwaukee Valve Company, Inc.; and Velan Valve Corporation*** |
| Jeffrey M. Odom<br>Angie R. Nolet<br>Lane Powell PC<br>1420 5th Avenue, Suite 4200<br>Seattle, WA  98101<br>Email:  odomj@lanepowell.com<br>            noleta@lanepowell.com<br><br>***Attorneys for Anchor/Darling Valve Company (improperly named as Flowserve US, Inc.)*** | Ronald C. Gardner<br>Gardner Trabolsi & Associates PLLC<br>2200 Sixth Avenue, Suite 600<br>Seattle, WA  98121<br>Email: rgardner@gandtlawfirm.com<br><br>***Attorneys for Auburn Technology, Inc.*** |
| Jeanne F. Loftis<br>Lorianne Hanson<br>Bullivant Houser Bailey PC<br>888 SW Fifth Avenue, Suite 300<br>Portland, OR  97204<br>Email:  jeanne.loftis@bullivant.com<br>            lorianne.hanson@bullivant.com<br>            asbestos-pdx@bullivant.com<br><br>***Attorneys for Aurora Pump Company; and Taco, Inc.*** | Christine E. Dinsdale<br>Rachel A. Rubin<br>Soha & Lang, P.S.<br>1325 Fourth Avenue, Suite 2000<br>Seattle, WA  98101-2570<br>Email:  dinsdale@sohalang.com<br>            rubin@sohalang.com<br>            asbestos@sohalang.com<br><br>***Attorneys for BW/IP, Inc.; Alfa Laval, Inc.; and Flowserve Corporation f/k/a the Duriron Company (improperly named as Flowserve US, Inc.)*** |

DEFENDANT CRANE CO.'S MOTION
FOR SUMMARY JUDGMENT - 8
(Case No. 2:19-cv-00793-RSL)

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 370-7955
FACSIMILE: (206) 370-6169

| | |
|---|---|
| Ryan W. Vollans<br>Nicole R. MacKenzie<br>Megan E. Uhle<br>Williams Kastner<br>601 Union Street, Suite 4100<br>Seattle, WA  98101<br>Email:  rvollans@williamskastner.com<br>         nmackenzie@williamskastner.com<br>         muhle@williamskastner.com<br>         wkgasbestos@williamskastner.com<br><br>***Attorneys for Carrier Corporation*** | Christopher S. Marks<br>Erin P. Fraser<br>Tanenbaum Keale, LLP<br>One Convention Place<br>701 Pike Street, Suite 1575<br>Seattle, WA  98101<br>Email: cmarks@tktrial.com<br>         efraser@tktrial.com<br>         seattle.asbestos@tktrial.com<br><br>***Attorneys for CBS Corporation; Electrolux Home Products, Inc.; and General Electric Company*** |
| Timothy K. Thorson<br>Carney Badley Spellman PS<br>701 Fifth Avenue, Suite 3600<br>Seattle, WA  98104<br>Email:  thorson@carneylaw.com<br>         asbestos@carneylaw.com<br><br>***Attorneys for Cleaver-Brooks, Inc.*** | Claude Bosworth<br>Shaun M. Morgan<br>Rizzo Mattingly Bosworth PC<br>1300 SW Sixth Avenue, Suite 330<br>Portland, OR  97201-3530<br>Email:  cbosworth@rizzopc.vom<br>         smorgan@rizzopc.com<br>         asbestos@rizzopc.com<br><br>***Attorneys for Curtiss-Wright Flow Control Corp.; and Gardner Denver, Inc.*** |
| Randy J. Aliment<br>Rachel Tallon Reynolds<br>Taryn M. Basauri<br>Lewis Brisbois Bisgaard & Smith LLP<br>1111 Third Avenue, Suite 2700<br>Seattle, WA  98101<br>Email:  randy.aliment@lewisbrisbois.com<br>         rachel.reynolds@lewisbrisbois.com<br>         taryn.basauri@lewisbrisbois.com<br>         Seattle-Asbestos@lewisbrisbois.com<br><br>***Attorneys for Flowserve US, Inc., solely as successor-in-interest to Edward Valves, Inc.; Invensys Systems, Inc.; and Robertshaw Controls Co.*** | Michael E. Ricketts<br>James E. Horme<br>Gordon Thomas Honeywell<br>600 University Street, Suite 2915<br>Seattle, WA  98101<br>Email:  mricketts@gth-law.com<br>         jhorne@gth-law.com<br>         service@gth-law.com<br><br>***Attorneys for IMO Industries, Inc.*** |

DEFENDANT CRANE CO.'S MOTION
FOR SUMMARY JUDGMENT - 9
(Case No. 2:19-cv-00793-RSL)

| | |
|---|---|
| Dana C. Kopij<br>Tyler J. Hermsen<br>Williams Kastner<br>601 Union Street, Suite 4100<br>Seattle, WA  98101<br>Email:  dkopij@williamskastner.com<br>           thermsen@williamskastner.com<br>           WKGasbestos@williamskastner.com<br><br>***Attorneys for The Nash Engineering Company*** | Christopher S. Marks<br>Malika Johnson<br>Erin P. Fraser<br>Alice C. Serko<br>Tanenbaum Keale, LLP<br>One Convention Place<br>701 Pike Street, Suite 1575<br>Seattle, WA  98101<br>Email:  cmarks@tktrial.com<br>           mjohnson@tktrial.com<br>           efraser@tktrial.com<br>           aserko@tktrial.com<br>           seattle.asbestos@tktrial.com<br><br>George D. Yaronh (*admitted pro hac vice*)<br>D. David Steel (*admitted pro hac vice*)<br>Yaron & Associates<br>1300 Clay Street, Suite 800<br>Oakland, CA  94612<br>Email:  gyaron@yaronlaw.com<br>           dsteele@yaronlaw.com<br><br>***Attorneys for Puget Sound Commerce Center, Inc.*** |
| J. Scott Wood<br>Diane C. Babbitt<br>Foley & Mansfield<br>999 Third Avenue, Suite 3760<br>Seattle, WA  98104<br>Email:  swood@foleymansfield.com<br>           dbabbitt@foleymansfield.com<br>           asbestos-sea@foleymansfield.com<br><br>***Attorneys for Syd Carpenter Marine Contractor, Inc.*** | J. Scott Wood<br>Kyle Jones<br>Foley & Mansfield<br>999 Third Avenue, Suite 3760<br>Seattle, WA  98104<br>Email:  swood@foleymansfield.com<br>           kjones@foleymansfield.com<br>           asbestos-sea@foleymansfield.com<br><br>***Attorneys for Tate Andale, Inc.*** |
| James D. Hicks<br>Brian B. Smith<br>Foley & Mansfield<br>999 Third Avenue, Suite 3760<br>Seattle, WA  98104<br>Email:  jhicks@foleymansfield.com<br>           bsmith@foleymansfield.com<br>           asbestos-sea@foleymansfield.com<br><br>***Attorneys for The WM Powell Company*** | |

DEFENDANT CRANE CO.'S MOTION
FOR SUMMARY JUDGMENT - 10
(Case No. 2:19-cv-00793-RSL)

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 370-7955
FACSIMILE: (206) 370-6169

1 | I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct

SIGNED at Seattle, Washington this 2nd day of January, 2010.

*s/ Mary J. Klemz*
Mary J. Klemz, Sr. Practice Assistant

DEFENDANT CRANE CO.'S MOTION
FOR SUMMARY JUDGMENT - 11
(Case No. 2:19-cv-00793-RSL)

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 370-7955
FACSIMILE: (206) 370-6169