THE HONORABLE ROBERT S. LASNICK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLOTTE WINELAND, Individually, and SUSAN WINELAND, as Personal Representative of the Estate of JOHN DALE WINELAND, Deceased,

Plaintiff,

vs.

AIR & LIQUID SYSTEMS CORPORATION, et al.

Defendants.

Case No. 2:19-cv-00793-RSL

PLAINTIFFS' OPPOSITION TO DEFENDANT CRANE CO.'S MOTION FOR SUMMARY JUDGMENT

ORAL ARGUMENT REQUESTED

## I. INTRODUCTION AND RELIEF REQUESTED

John D. Wineland (Mr. Wineland) died from malignant pleura mesothelioma. His representative, Plaintiff Susan Wineland, and widow, Plaintiff Charlotte Wineland (Plaintiffs), contend that his mesothelioma and death were caused by exposure to asbestos, including exposure to asbestos-containing gaskets and packing associated with valves that were manufactured and supplied by Defendant Crane Co. (Defendant or Crane Co.).

Defendant Crane Co. argues that it is entitled to Summary Judgment for two reasons: (1) Plaintiffs have not put forward evidence that Mr. Wineland was exposed to asbestos from a Crane Co. product, and (2) Plaintiffs cannot demonstrate that any Crane Co. products Mr. Wineland may

**FROST LAW FIRM, PC**
273 West 7th Street
San Pedro, CA 90731
PH: (866) 353-6376;
FAX: (310) 861-8803

**WEINSTEIN CAGGIANO PLLC**
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

1  have been exposed to were original equipment to the valves and not replacement parts. (Crane

2  Co.'s Mot., p. 1:17-25.)

3       As set forth below, Defendant Crane Co.'s motion should be denied because there are

4  genuine issues of fact that preclude summary judgment, as the evidence, through reasonable

5  inferences, (1) shows that Mr. Wineland was exposed to asbestos from Crane Co. valves, and (2)

6  shows that Crane is responsible for the asbestos-containing equipment in its valves, regardless of

7  if it is original or replacement. Crane Co.'s motion should be denied.

8       Although Plaintiffs present ample evidence of Mr. Wineland's exposure to asbestos from

9  Crane Co.'s equipment, the record in this case is not complete. Discovery is ongoing and the parties

10  have until January 28, 2020, to complete discovery. Plaintiffs therefore ask the Court to defer the

11  hearing on Defendants' motions under Federal Rule of Civil Procedure 56(d) until Plaintiffs have

12  the opportunity to complete discovery and supplement this Memorandum.

## II. STATEMENT OF FACTS

14       Mr. Wineland died on May 25, 2018, from mesothelioma. (Ex. 1, Mr. Wineland's

15  Certificate of Death.)[1]  Defendant Crane Co. does not dispute this fact.

### A.     DURING HIS DECADES IN THE NAVY, MR. WINELAND WORKED WITH, AND AROUND OTHERS WORKING WITH, CRANE VALVES.

18       Mr. Wineland died a matter of weeks after being diagnosed with mesothelioma. He did not

19  file an action while he was living, and thus was never deposed. Plaintiffs herein filed this wrongful

20  death case after his passing. However, Plaintiffs' expert, Captain William A. Lowell II, reviewed

21  Mr. Wineland's Navy records and the records associated with the ships on which Mr. Wineland

22  served. (Ex. 2, Expert Report of William A. Lowell II, at p. 17-24.) Captain Lowell has extensive

23
24

---

[1]    Unless stated otherwise, all referenced exhibits are attached to the separately filed Declaration of Andrew Seitz.

PLAINTIFFS' OPPOSITION TO DEFENDANT CRANE
CO.'S MOTION FOR SUMMARY JUDGMENT - 2

FROST LAW FIRM, PC
273 West 7th Street
San Pedro, CA 90731
PH: (866) 353-6376;
FAX: (310) 861-8803

WEINSTEIN CAGGIANO PLLC
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON  98101
(206) 508-7070 - FACSIMILE (206) 237-8650

1  relevant experience: (1) he graduated with a degree in Marine engineering from the Maine

2  Maritime Academy in 1956; (2) he served in the Merchant Marines as an engineer in the machinery

3  spaces from 1956 through 1962; (3) he served 31 years in the Naval reserves; (4) he has a Chief

4  Engineer's License for both steam-powered (1964) and diesel-driven (1973) ships; and (5) he

5  worked for 33 years at Bath Iron Works Shipyard, retiring as General Manager of its ship repair

6  yard. (*Id*. at p. 2-5.)

7        Based on his review of Mr. Wineland's Navy records, Captain Lowell states in his report

8  that Mr. Wineland was aboard the USS Dynamic from September 2, 1963, until September 7,

9  1966; aboard the USS Pledge from September 7, 1966, until November 5, 1967; aboard the USS

10 Loyalty from September 18, 1970, until July 1, 1972; aboard the USS Tuscaloosa from July 25,

11 1972, until December 18, 1974; and aboard the USS Esteem from March 10, 1978, to April 16,

12 1979, and again from June 9, 1979, until October 31, 1980. (Ex. 2, Expert Report of William A.

13 Lowell II, at p. 17; see also Ex. 3, Mr. Wineland's Navy Service Records; Ex. 4, Muster Rolls

14 Relevant to Mr. Wineland.) Overall, Mr. Wineland was in the Navy from 1963 until 1984, and his

15 ships were overhauled or repaired in a shipyard 11 times while he was aboard. (Ex. 2, Expert

16 Report of William A. Lowell II, at p. 17.)

17        The ships Mr. Wineland served on contained hundreds of valves, and Crane was one of the

18 main suppliers of valves for ships during the relevant time period. (Ex. 2, Expert Report of William

19 A. Lowell II, at p. 24.) According to Navy archival records, at least four of the ships that

20 Mr. Wineland served on for over 9 combined years had numerous Crane valves:

21  - USS Dynamic (MSO-432) 1963-1966
22    o Globe Valves
       o Globe Hose Valves
       o Globe Check Valves
23    o Swing Check Valves

24

PLAINTIFFS' OPPOSITION TO DEFENDANT CRANE
CO.'S MOTION FOR SUMMARY JUDGMENT - 3

FROST LAW FIRM, PC
273 West 7th Street
San Pedro, CA 90731
PH: (866) 353-6376;
FAX: (310) 861-8803

WEINSTEIN CAGGIANO PLLC
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON  98101
(206) 508-7070  -  FACSIMILE (206) 237-8650

- USS Loyalty (MSO-457) 1970-1972
  - Globe Valves
  - Globe Hose Valves
  - Globe Check Valves
  - Swing Check Valves
- USS Tuscaloosa (LST-1187) 1972-1974
  - Gate Valves
  - Angle Valves
  - Stop Angle Valves
  - Globe Valves
  - Bronze Valves
  - Relief Valves
- USS Esteem (MSO-438) 1978-1980
  - Globe Valves
  - Globe Hose Valves
  - Globe Check Valves
  - Swing Check Valves

(Ex. 2, Expert Report of William A. Lowell II, at p. 21; see also Ex. 5, AM-421 Class Minesweeper

Records; Ex. 6, USS Tuscaloosa Records, at Tuscaloosa-035 to -045.)

**B.      MR. WINELAND WAS EXPOSED TO ASBESTOS THROUGH HIS WORK WITH CRANE VALVES IN THE NAVY.**

Mr. Wineland was an engineman. (Ex. 2, Expert Report of William A. Lowell II, at p. 17.)

As an engineman, Mr. Wineland regularly repaired and maintained valves:

> Consistent with all of my knowledge and experience, Navy personnel with a job classification of FN, EN3, EN2, EN1, ENC, such as Mr. Wineland, who were working in the engineering spaces of the Aggressive-class minesweepers and Newport-class tank landing ships would have performed hands-on inspection, maintenance, repair, installation, and removal of valves . . .

(Ex. 2, Expert Report of William A. Lowell II, at 18–19.)

Maintenance and repair of valves including removing and installing asbestos valve

packing, removing and installing asbestos-containing gaskets in the valves' bonnets (i.e., internal

gaskets), and removing and replacing any associated insulation. (*Id.* at 18.) Gaskets and packing

were designed to be replaced. (*Id.* at 26.) Crane Co. knew at the time that it was supplying the

FROST LAW FIRM, PC
273 West 7ᵗʰ Street
San Pedro, CA 90731
PH: (866) 353-6376;
FAX: (310) 861-8803

WEINSTEIN CAGGIANO PLLC
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON  98101
(206) 508-7070  -  FACSIMILE (206) 237-8650

1  Navy with asbestos-containing valves that those valves would need to be opened up and have the

2  gaskets and packing replaced both on board ship and also during overhauls. (Ex. 7, Dep. of

3  Anthony Pantaleoni, June 14, 2006, at 112:2-18.)

4      As someone who worked in the engineering spaces of Navy ships at the same time of

5  Mr. Wineland, Captain Lowell explains the process of maintaining a valve:

6      The standard means of removing asbestos packing entailed using packing pullers

7      and other instruments to pick the old packing out of the packing gland and then
using breath or compressed air to blow the remainder of the dust and residue out

8      of the gland.  The normal way to pack a packing gland was by cutting the packing
to fit around the stem and staggering the cuts. In my experience, packing

9      removed was rarely wet and was usually dry and sometimes broke apart in pieces.
Regarding gaskets, the standard tools to remove old gaskets from flanges and other
sealing surfaces included scrapers, wire brushes and power wire brushes.

10  (Ex. 2, Expert Report of William A. Lowell II, at 19.) These work practices created visible dust

11  and were done regularly, not just by Mr. Wineland, but by everyone working in the engineering

12  spaces alongside Mr. Wineland. (*Id*. at 19-20.)

13      Plaintiffs' expert Charles Ay worked as a shipyard insulator from 1960 through 1981 at

14  Long Beach Naval Shipyard. (Ex. 8, Report of Charles Ay, at ¶ 9.) During that time he was aboard

15  hundreds of Naval ships. (*Id*. at ¶ 10.) Since then he has worked on the identification and behavior

16  all types of asbestos-containing products, and has been a Certified Asbestos Consultant for the

17  state of California since 1993. (*Id*. at ¶¶ 1-5.) He will testify that from the 1900s until the late 1980s

18  nearly all gaskets and packing in marine, commercial, and industrial setting contained asbestos.

19  (*Id*. at ¶ 20.) Work studies have shown that removing asbestos-containing packing resulted in

20  exposures up to 1 fiber/cc, and removing asbestos-containing gaskets resulted in exposures of up

21  to 10 fibers/cc. (*Id*. at ¶ 21.)

22

23

24

PLAINTIFFS' OPPOSITION TO DEFENDANT CRANE CO.'S MOTION FOR SUMMARY JUDGMENT - 5

FROST LAW FIRM, PC
273 West 7th Street
San Pedro, CA 90731
PH: (866) 353-6376;
FAX: (310) 861-8803

WEINSTEIN CAGGIANO PLLC
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON  98101
(206) 508-7070 - FACSIMILE (206) 237-8650

Plaintiffs' industrial hygienist, Steven Paskal, CIH, worked for the Navy in 1980 as an industrial hygienist at Long Beach Naval Shipyard. (Ex. 9, Report of Steven Paskal, CIH, at 6.) Based on his training and experience, his opinion is that, based on Mr. Wineland's many years as a fireman and engineman, "it is virtually certain that [Mr. Wineland], and/or others in close proximity and/or in shared, enclosed airspaces, would have routinely removed and replaced gaskets and stem/shaft packing associated with . . . valves." (*Id*. at 4.) "Into the 1980s, these products virtually always comprised asbestos." (*Ibid*.) Due to the work practices of the time period, Mr. Wineland's exposure during working with gaskets and packing would range from 0.1 to 10 fibers/cc, hundreds to millions of times higher than background. (*Id.* at 4-5.)

Finally, Plaintiffs' causation expert, Dr. David Zhang, will testify that Mr. Wineland's mesothelioma was caused by his exposures to asbestos in the Navy, including to gaskets and packing. (Ex. 10, Expert Report of David Zhang, MD, PhD, MPH, at 7.)

## C.   CRANE CO.'S VALVES CONTAINED ASBESTOS GASKETS AND PACKING, AND CRANE CO. DID NOT WARN OF THE DANGERS OF ITS PRODUCTS UNTIL THE 1980s.

Crane Co. manufactured industrial valves which contained asbestos from 1858 through the early-1990s. (Ex. 11, Dep. of Anthony Pantaleoni, Jan. 26, 2006, at 114:4–16:3.) Crane Co. sold Crane valves to the Navy with its own re-branded Cranite asbestos gaskets and packing. (Ex. 7, Dep. of Anthony Pantaleoni, June 14, 2006, at p. 114:1-10; Ex. 11, Dep. of Anthony Pantaleoni, Jan. 26, 2006, at p. 136:16–37:15.) Cranite contained 75 to 85 percent asbestos. (Ex. 11, Dep. of Anthony Pantaleoni, Jan. 26, 2006, at 185:21–24.) The valves left the Crane manufacturing facility with the asbestos gaskets and packing in them "in order to meet the military specification." (Ex. 7, Dep. of Anthony Pantaleoni, June 14, 2006, at 114:24–15:12.) In addition, some of Crane's valves were designed with the intention that they would be insulated. (*Id*. at 137:16–21.) In fact,

FROST LAW FIRM, PC
273 West 7th Street
San Pedro, CA 90731
PH: (866) 353-6376;
FAX: (310) 861-8803

WEINSTEIN CAGGIANO PLLC
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

1  Crane Co. specified the use of asbestos-containing gaskets, packing, and thermal insulation in its

2  valves. (Ex. 12, Trial Testimony of Anthony Pantaleoni, June 13, 2017, at 1246:16–48:2.)

3      Because asbestos gaskets and packing were wear items, the Navy required equipment

4  manufacturers to provide onboard repair parts, stock repair parts, and overhaul repair parts. (Ex.

5  2, Expert Report of William A. Lowell II, at 26.) Crane was no exception: Crane Co. supplied

6  Cranite, its proprietary asbestos gasket material, to the Navy for use in its valves. (Ex. 2, Expert

7  Report of William A. Lowell II, at 28; Ex. 11, Dep. of Anthony Pantaleoni, Jan. 26, 2006, at 130:24

8  –31:4.) In fact, records show that Crane recommended that the Navy keep its repair parts, including

9  packing, on board AM 421 class minesweepers—such as Mr. Wineland's ships the USS Dynamic,

10  USS Loyalty, and USS Esteem—and as stock repair parts. (Ex. 5, AM-421 Class Minesweeper

11  Records.)

12      According to Crane Co.'s chief engineer, there was no alternative to asbestos gaskets and

13  packing during the time of Mr. Wineland's exposure. He who wrote in a 1981 memo:

14      Few substitutes are available and these cannot withstand the range of temperature,
        corrosion, strength impact of the asbestos materials... Until we  locate acceptable
15      alternates or until there is a  prohibition on use of asbestos gaskets and packing,
        either by OSHA, EPA or customer preferences, we are  forced to continue
16      specifying the proven asbestos  material in our products.

17  (Ex. 13, Trial Testimony of Anthony Panteleoni, June 15, 2017, at p. 1553:6-24, 1559:3 – 1560:6.)

18      Plaintiffs' expert Captain Lowell opines that, based on his experience in the Navy reserves

19  and building and maintaining Naval and merchant ships, the Crane valves on Mr. Wineland's ships

20  contained asbestos gaskets and packing. (Ex. 2, Expert Report of William A. Lowell II, at p. 20.)

21  He confirms that Crane Co. specified asbestos-containing gaskets in their valves. (*Id*. at p. 24.)

22  The further confirms that the asbestos-containing gaskets and packing used with Crane Co's valves

23

24

PLAINTIFFS' OPPOSITION TO DEFENDANT CRANE
CO.'S MOTION FOR SUMMARY JUDGMENT - 7

**FROST LAW FIRM, PC**
273 West 7th Street
San Pedro, CA 90731
PH: (866) 353-6376;
FAX: (310) 861-8803

**WEINSTEIN CAGGIANO PLLC**
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON  98101
(206) 508-7070  -  FACSIMILE (206) 237-8650

1   were necessary components of the valves, and the valves would not function as designed without

2   them. (*Id.*)

3          The Navy required equipment manufacturers to provide warnings in technical manuals

4   starting in the 1930s, and in Material Safety Data Sheets (MSDS) sheets starting in the 1970s. (Ex.

5   2, Expert Report of William A. Lowell II, at 8–17.) Crane was aware of the hazards of asbestos by

6   at least the early 1970s. (Ex. 11, Dep. of Anthony Pantaleoni, Jan. 26, 2006, at 161:11–15.) Yet,

7   Crane Co. did not put a warning or caution on its valves until the 1980s. (*Id.* at 212:14–13:11.)

8                              **III. <u>LEGAL ARGUMENT</u>**

9          **A.      SUMMARY JUDGMENT STANDARDS.**

10         A motion for summary judgment can be granted only when it has been "show[n] that there

11   is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

12   matter of law." (CR 56(c).) "The burden is on the moving party to demonstrate that there is no

13   issue as to a material fact, and the moving party is held to a strict standard." (*Scott v. Pacific W.*

14   *Mountain Resort*, 119 Wn.2d 484, 502-03 (1992); *accord*, *Atherton Condo. Apartment-Owners*

15   *Ass'n Bd. of Dirs. v. Blume Dev. Co*., 115 Wn.2d 506, 516 (1990) [hereinafter, "*Atherton*"].) Only

16   after the moving party has satisfied its initial burden does the burden shift to the nonmoving party

17   to raise a genuine issue of material fact. If the moving party does not satisfy its burden, the burden

18   does not shift, and summary judgment should be denied. (*See Jacobsen v. State of Washington*, 89

19   Wn. 2d 104, 108 (1977) ("Initially the burden is on the party moving for summary judgment to

20   prove by uncontroverted facts that there is no genuine issue of material fact.  If the moving party

21   does not sustain that burden, summary judgment should not be entered, irrespective of whether the

22   nonmoving party has submitted affidavits or other materials.") (citations omitted); *accord*,

23   *Atherton*, 115 Wn.2d at 516; *White v. Kent Med. Ctr., Inc., P.S.*, 61 Wn. App. 163, 170 (1991).)

24

PLAINTIFFS' OPPOSITION TO DEFENDANT CRANE
CO.'S MOTION FOR SUMMARY JUDGMENT - 8

**FROST LAW FIRM, PC**
273 West 7ᵗʰ Street
San Pedro, CA 90731
PH: (866) 353-6376;
FAX: (310) 861-8803

**WEINSTEIN CAGGIANO PLLC**
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON  98101
(206) 508-7070 - FACSIMILE (206) 237-8650

1    In deciding a motion for summary judgment, the court must "review the evidence in the

2    light most favorable to the nonmoving party and draw all reasonable inferences in that party's

3    favor." (*Lakey v. Puget Sound Energy, Inc.*, 176 Wn.2d 909, 922; *accord*, *Afoa v. Port of Seattle*,

4    176 Wn.2d 460, 466 (2013); *Atherton*, 115 Wn.2d at 516.) "Any doubts as to the existence of a

5    genuine issue of material fact is resolved against the moving party." (*Atherton*, 115 Wn.2d at 516.)

6    Importantly, as the Washington Supreme Court has explained, "'[s]ummary judgment exists to

7    examine the sufficiency of legal claims and narrow issues, not as an unfair substitute for trial.'"

8    (*City of Seattle v. State of Washington*, 136 Wn.2d 693, 697 (1998).)

9    ## B.    CAUSATION IN ASBESTOS-RELATED INJURY CASES.

10    Washington has long recognized the difficulties that plaintiffs face in proving causation in

11    asbestos-related injury cases, since these cases involve diseases with long latency periods and,

12    oftentimes, the plaintiff or decedent worked at multiple jobsites and/or was exposed to multiple

13    asbestos-containing products. (*Lockwood v. AC&S, Inc.*, 109 Wn.2d 235, 246-47 (1987).) Because

14    of these difficulties, the Washington Supreme Court, more than 30 years ago, "eased the strict

15    requirements of the traditional approach" for proving asbestos-injury causation. (*Id.* at 245, n.6.)

16    Under "the more lenient standards of proof applicable to asbestos cases":

17    Asbestos plaintiffs in Washington may establish exposure to a defendant's product
     through direct or circumstantial evidence. A plaintiff need not offer a detailed
18    recollection of facts surrounding the exposure to the asbestos-containing product.
     '[I]nstead of personally identifying the manufacturers of asbestos products to which
19    he was exposed, a plaintiff may rely on the testimony of witnesses who identify
     manufacturers of asbestos products which were then present at his workplace.'
20    Whether an asbestos plaintiff's evidence states a prima facie case is necessarily a
     fact-specific inquiry.

21

22    (*Montaney v. J-M Mfg. Co., Inc.*, 178 Wn. App. 541, 544–45 (2013) (footnotes omitted).)

23    In *Lockwood*, the plaintiff presented testimony from a coworker "that while working on

24

PLAINTIFFS' OPPOSITION TO DEFENDANT CRANE
CO.'S MOTION FOR SUMMARY JUDGMENT - 9

**FROST LAW FIRM, PC**
273 West 7th Street
San Pedro, CA 90731
PH: (866) 353-6376;
FAX: (310) 861-8803

**WEINSTEIN CAGGIANO PLLC**
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON  98101
(206) 508-7070  -  FACSIMILE (206) 237-8650

1    the conversion of a large liner called the *George Washington* at Puget Sound Bridge and Dredge

2    in 1947 and 1948, insulators used the same asbestos materials as those used at Todd in 1946," and

3    "that Raymark asbestos products were used on a large liner conversion at Puget Sound Bridge and

4    Dredge in 1947 and 1948." (*Lockwood*, 109 Wn.2d at 244, 247.) The plaintiff presented his own

5    testimony "that he had worked on the overhaul of the *George Washington* and that there was

6    asbestos on that kind of job," (*id*. at 244–45, 247), and "expert testimony that after asbestos dust

7    was released, it drifted in the air and could be inhaled by bystanders who did not work directly

8    with asbestos." (*Id.* at 243–44, 247.) Absent was any direct evidence that the plaintiff worked with

9    or even near the defendant's asbestos-containing product; rather, the evidence showed only that

10   the defendant's product was used *somewhere* on the large ship that he had worked on. (*Id*. at 245,

11   247.)

12           "Viewing the evidence presented in this case in the light most favorable to [the plaintiff],"

13   the Washington Supreme Court held "that it would be reasonable for a factfinder to infer that he

14   was exposed to [the defendant's] product." (*Id.* at 247.) Indeed, the court held that "even if [the

15   plaintiff] did not work directly with [the defendant's] product on the *George Washington,* it [wa]s

16   reasonable to infer that since that product was used on that ship when [the plaintiff] worked there,

17   [he] was exposed to it." (*Id.*)

18           Since *Lockwood*, numerous appellate decisions have applied its "more lenient standards of

19   proof" in addressing the sufficiency of causation evidence in asbestos cases. (*Montaney*, 178 Wn.

20   App. at 545.) In *Van Hout v. Celotex Corp.*, 121 Wn.2d 697 (1993), the Washington Supreme

21   Court held that the evidence was sufficient to support the jury's verdict in favor of the plaintiff,

22   where the plaintiff testified that he worked in asbestos dust on ships, and there was evidence

23   placing the defendant's asbestos-containing insulation materials on those ships. (*Id*. at 707.)

24

FROST LAW FIRM, PC
273 West 7th Street
San Pedro, CA 90731
PH: (866) 353-6376;
FAX: (310) 861-8803

WEINSTEIN CAGGIANO PLLC
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON  98101
(206) 508-7070  -  FACSIMILE (206) 237-8650

1       In *Berry v. Crown Cork & Seal Co., Inc.*, 103 Wn. App. 312 (2000), the court reversed a

2 summary judgment where the evidence showed that the plaintiff worked around materials that

3 created asbestos dust aboard ships, that certain brands of asbestos-containing products were

4 commonly used on ships repaired at his workplace, and that the defendant distributed those specific

5 brands of products to the plaintiff's employer. (*Id*. at 315–18, 323–25.) "Downey's 1984 testimony

6 that he saw Plant and Carey products 'almost every day' during the seven years (1941–48) in which

7 he worked at PSNS, in conjunction with Bradley's testimony that Brower was 'a distributor' for

8 Plant and Carey products, raises an issue of fact as to whether Berry was exposed to Brower-

9 supplied products during the time frames in question." (*Id*. at 324.)

10       In *Allen v. Asbestos Corporation, Ltd.*, 138 Wn. App. 564 (2007), the court held that

11 summary judgment was inappropriate where the plaintiff submitted sales records showing that the

12 shipyard purchased the defendant's asbestos-containing products during the period that his father

13 worked there. (*Id*. at 570–73.) Reasonable inferences could be made that the father was thus

14 exposed:

15       [T]he sales records establish that large quantities of Asbeston were ordered by the
      shipyard over multiple years. . . . We conclude that it would be reasonable from

16       this record to infer that Asbeston was used at the shipyard. Because of Allen's
      expert testimony that if Asbeston was used, Allen's father would have been

17       exposed, the inference that Asbeston was used at the shipyard leads directly to the
      inference that Allen's father was exposed to Uniroyal's product.

18 (*Id*. at 573.)

19       In *Montaney*, the evidence showed "that (1) Thomas Montaney was repeatedly exposed to

20 asbestos dust while working with asbestos concrete (A/C) pipe between 1972 and 1990; (2) he

21 purchased A/C pipe from a single distributor, Pacific Water Works, into the 1980s; and (3) Pacific

22 carried A/C pipe sold by JMM in 1983 and 1984." (*Id*. at 542.) "This evidence [wa]s sufficient for

23 a jury to reasonably infer that Montaney was exposed to A/C pipe sold by JMM." (*Id*.; *see also id*.

24

PLAINTIFFS' OPPOSITION TO DEFENDANT CRANE
CO.'S MOTION FOR SUMMARY JUDGMENT - 11

**FROST LAW FIRM, PC**
273 West 7th Street
San Pedro, CA 90731
PH: (866) 353-6376;
FAX: (310) 861-8803

**WEINSTEIN CAGGIANO PLLC**
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

1    at 546–47 ["From this evidence, a jury could reasonably infer that Montaney purchased new A/C

2    pipe from Pacific in 1983 and 1984, and that the new pipe purchased then would have included

3    A/C pipe sold by JMM."].) "Significantly," the court rejected the defendant's argument "that the

4    inference of exposure by defendant's products was based on 'impermissible speculation.'" (*Id*. at

5    547.) Although "no direct evidence demonstrated that Montaney worked with A/C pipe made or

6    sold by JMM," the court held that "considerable indirect evidence would allow a jury to reasonably

7    conclude that he did." (*Id*.)

8        In *Woo v. General Electric Company*, 198 Wn. App. 496, Mr. Woo "worked as an engineer

9    for the Navy and on military transportation ships in the 1940s and 1950s" and died prior to the

10   filing of the lawsuit. (*Id*. at 497.) The plaintiffs alleged their decedent was exposed to asbestos

11   from GE turbines aboard his ship, but no shipmates of Mr. Woo or any other eyewitness testified

12   that they saw Mr. Woo work with or around the defendant's products. (*See id*. at 512–14.) The

13   court summarized the evidence:

14       Here, the reasonable inferences from the evidence show Woo worked in the engine
         room aboard Navy and MSTS ships in the 1940s and 1950s and GE manufactured
15       the steam turbines used on those ships. [Plaintiffs' expert] Cooper worked as an
         engineer on ships during the same period of time. Cooper testified that 'much of
16       Mr. Woo's work in the Navy and particularly at MSTS, would have been in the
         various ships' engine spaces where the turbines were located.'

17
18   (*Id*. at 513.) The court went on to note that the expert opined that asbestos exposure on board ships

19   consisted of exposure to packing, gaskets, and insulation. *Ibid*. The court concluded that this raised

20   "material issues of fact" which "precluded summary judgment" as to GE. (*Id*. at 514.)

21       **C.    SUMMARY JUDGMENT BASED ON THE ISSUE OF EXPOSURE
               SHOULD BE DENIED.**

22       Defendant Crane Co.'s motion for summary judgment should be denied because the

23   evidence raises genuine issues of fact that prelude summary judgment.

24

**FROST LAW FIRM, PC**
273 West 7th Street
San Pedro, CA 90731
PH: (866) 353-6376;
FAX: (310) 861-8803

**WEINSTEIN CAGGIANO PLLC**
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 · FACSIMILE (206) 237-8650

1        As in *Woo*, the reasonable inferences from the evidence show that Mr. Wineland worked

2  in the engineering spaces aboard Navy ships in the 1960s and 1970s and that Crane Co.

3  manufactured dozens of valves used throughout his ships. During the same period of time as Mr.

4  Wineland's service, Plaintiffs' expert, Captain Lowell, was an engineer working on Naval and

5  merchant ships. Captain Lowell, as stated in his report, will testify that Mr. Wineland's work

6  entailed him, and others in his near vicinity, frequently removing and replacing gaskets and

7  packing on valves, including Crane valves. Captain Lowell, Mr. Paskal, and Mr. Ay all agree that

8  the valves on Mr. Wineland's ships contained asbestos gaskets and packing. This work with

9  asbestos-containing gaskets and packing, according to Plaintiffs' industrial hygienists Steven

10  Paskal, CIH, exposed Mr. Wineland to asbestos at levels hundreds to millions of times that of

11  background. Dr. Zhang opines that these exposures caused Mr. Wineland's mesothelioma.

12        Plaintiffs have provided much more evidence than was deemed sufficient in *Allen*. In *Allen*,

13  the only evidence available was sales records indicating that a shipyard purchased the defendant's

14  products. Here, Plaintiffs have provided evidence **beyond** that the shipyards purchased Crane Co.

15  valves, but rather that asbestos-containing Crane Co. valves were in the very engineering spaces

16  where Mr. Wineland worked, and Plaintiffs' experts have opined that enginemen such as

17  Mr. Wineland, and others in his vicinity, would frequently work on those valves, releasing

18  respirable asbestos dust.

19        As noted, in deciding a summary judgment motion, the court must "review the evidence in

20  the light most favorable to the nonmoving party and draw all reasonable inferences in that party's

21  favor." (*Lakey*, 176 Wn.2d at 922; *accord*, *Afoa*, 176 Wn.2d at 466; *Atherton*, 115 Wn.2d at 516.)

22  "Any doubts as to the existence of a genuine issue of material fact is resolved against the moving

23  party." (*Atherton*, 115 Wn.2d at 516.)

24

1    Under these rules, the evidence is sufficient to raise genuine issues of fact as to exposure.

2    Considering all the evidence and inferences in the light most favorable to Plaintiffs, a jury could

3    reasonably find that Mr. Wineland was exposed to asbestos-containing material manufactured and

4    supplied by Defendant Crane Co. The exposure evidence here is similar in substance to the

5    evidence found sufficient in the cases discussed above (*Lockwood*, *Van Hout*, *Berry*, *Allen*, and

6    *Montaney*), and is sufficient to raise genuine issues of fact as to exposure under "the more lenient

7    standards of proof applicable to asbestos cases." (*Montaney*, 178 Wn. App. at 545.) Summary

8    judgment should therefore be denied.

9        **D.    SUMMARY JUDGMENT BASED ON THE "ORIGINAL PARTS" ISSUE SHOULD BE DENIED.**

10   Defendant relies on *Braaten v. Saberhagen Holdings,* 165 Wn.2d 373 (2008) and *Simonetta*

11   *v. Viad Corp.* 165 Wn.2d 341 (2008),[2] for the proposition that it was not responsible for warning

12   those working with and in the vicinity of their valves of the hazards of the asbestos gaskets,

13   packing, and insulation used on their equipment, and cannot be held liable for the failure to do so.

14   This "bare metal" defense, when applicable, limits the scope of equipment manufacturers' liability

15   to the effects of exposure to asbestos parts supplied by the defendant. However, recent case law

16   requires a different result: Crane Co. should also face liability for its failure to warn of a known

17   hazard posed by the asbestos-containing products that they knew would be used with their

18   equipment and that was necessary to the functioning of that equipment.

19   In *Macias v. Saberhagen Holdings, Inc.*, 175 Wn.2d 402 (2012) the Washington Supreme

20   Court explained the limits of *Braaten* and *Simonetta*:

21       Critically, for present purposes, the products involved in the *Simonetta* and
22       *Braaten* cases did not require that asbestos be used in conjunction with their

23   _____

     [2] While Crane Co. mentions maritime law in passing in its motion, it has not moved to apply maritime law.

24

PLAINTIFFS' OPPOSITION TO DEFENDANT CRANE CO.'S MOTION FOR SUMMARY JUDGMENT - 14

FROST LAW FIRM, PC
273 West 7th Street
San Pedro, CA 90731
PH: (866) 353-6376;
FAX: (310) 861-8803

WEINSTEIN CAGGIANO PLLC
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON  98101
(206) 508-7070 - FACSIMILE (206) 237-8650

products, nor were they specifically designed to be used with asbestos. Nor were those products designed as equipment that by its very nature would necessarily involve exposure to asbestos.

*Macias*, 175 Wn.2d at 414–15. The Court held that the manufacturer of a respirator designed specifically for use in working with asbestos products could be held liable if it failed to warn that the respirator was not adequate to prevent harmful levels of exposure.

In *Woo v. General Electric Co.*, 198 Wn. App. 496 (2017), the Court of Appeals applied the reasoning of the Supreme Court in *Macias* to **reject** the claim of an equipment manufacturer that it had no duty to warn those exposed to asbestos insulation on the exterior of its turbines. Like *Macias*, the *Woo* court noted that *Braaten* and *Simonetta* did not grant manufacturers an absolute immunity from liability for third-party asbestos-containing products. First, the Court noted that prior cases had not reached the question of "whether a duty to warn 'might arise with respect to the danger of exposure to asbestos-containing products specified by the manufacturer to be applied to, in, or connected to their products, or required because of a peculiar, unusual, or unique design.'" (*Woo*, 198 Wn. App. at 508 [quoting *Braaten*, 165 Wn.2d at 397].) In *Woo*, unlike in *Simonetta* and *Braaten*, the evidence showed that asbestos-containing products were necessary for the equipment to function as designed. (*Id*. at 510.) As a result, under the framework set out in *Macias*, there was an issue of material fact as to whether the defendant had a duty to warn about the hazards of asbestos-containing products manufactured by others, when the defendant knew that those products were necessary for the operation of its equipment. (*Id*.)

The same is true here. Crane Co. supplied asbestos-containing valves and, knowing that the asbestos components would wear and need to be replaced, asbestos-containing replacement parts. Moreover, the asbestos-containing gaskets and packing were necessary for the equipment to function as designed.

Though Crane Co. was a defendant in *Braaten*, the only evidence presented to the *Braaten* court on Crane Co.'s specification of asbestos-containing products was that Crane advertised both asbestos and non-asbestos gaskets for its valves. (*Braaten*, 165 Wn.2d at 395.) Here, as discussed

PLAINTIFFS' OPPOSITION TO DEFENDANT CRANE
CO.'S MOTION FOR SUMMARY JUDGMENT - 15

FROST LAW FIRM, PC
273 West 7ᵗʰ Street
San Pedro, CA 90731
PH: (866) 353-6376;
FAX: (310) 861-8803

WEINSTEIN CAGGIANO PLLC
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

above, Plaintiffs have provided much more evidence of Crane Co.'s specification and supply of asbestos-containing products.

In *Air & Liquid Systems Corporation v. DeVries*, 139 S. Ct. 986 (2019), the United States Supreme Court noted that defendants retained a duty to warn end users of the hazards associated with the use of their products, including asbestos-containing component parts manufactured by other entities, if the equipment "required asbestos insulation or asbestos parts in order to function as intended" although "those businesses did not always incorporate the asbestos into their products." (*Id*. at 991.) The Court explained: "In this negligence case, we must decide whether a manufacturer has a duty to warn when the manufacturer's product requires later incorporation of a dangerous part—here, asbestos—in order for the integrated product to function as intended." (*Id*. at 993.)

*DeVries* involved plaintiffs whose exposure to asbestos was 1957 to 1960 for one plaintiff and periodically from 1977 to 1986 for the other. (*Id*. at 991.) The Court held that in the "maritime tort context," a product manufacturer has a duty to warn when (1) the product required incorporation of asbestos, (2) the manufacturer knew or had reason to know of the integrated product's danger, and (3) the manufacturer had no reason to believe the integrated product's users would realize that danger. (*Id*. at 995–96.)

To avoid any confusion, the Court listed the common factual situations that would give rise to a conclusion that a product required asbestos:

> One final point for clarity: Courts have determined that this rule applies in certain related situations, including when: (i) a manufacturer directs that the part be incorporated… (ii) a manufacturer itself makes the product with a part that the manufacturer knows will require replacement with a similar part… or (iii) a product would be useless without the part... In all of those situations, courts have said that the product in effect requires the part in order for the integrated product to function as intended. We agree. The maritime tort rule we adopt today therefore encompasses those situations, so long as the manufacturer knows or has reason to know that the integrated product is likely to be dangerous for its intended uses, and the manufacturer has no reason to believe that the product's users will realize that danger.

PLAINTIFFS' OPPOSITION TO DEFENDANT CRANE
CO.'S MOTION FOR SUMMARY JUDGMENT - 16

FROST LAW FIRM, PC
273 West 7th Street
San Pedro, CA 90731
PH: (866) 353-6376;
FAX: (310) 861-8803

WEINSTEIN CAGGIANO PLLC
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

1

(*Id*. [citations omitted, emphasis added].)

2

Here, Crane Co. made and shipped its valves with asbestos-containing gaskets and packing.

3

Crane Co. also specified that asbestos-containing gaskets and packing be used as replacement parts

4

and was aware that its valves would need maintenance to replace those parts. Moreover, Crane Co.

5

sold and supplied asbestos replacement gaskets.

6

Because Crane Co. sold asbestos-containing valves and replacement parts, there are jury

7

questions regarding Crane Co.'s duty to warn Mr. Wineland and his shipmates of the asbestos

8

hazards associated with its valve design. The jury could also reasonably conclude that, given the

9

environment in which Crane Co. valves were used, Crane Co. could anticipate that the valves

10

would be insulated and that workers like Mr. Wineland would be exposed to insulation removed

11

from Crane Co. valves during repairs and maintenance. Consequently, Crane Co. remains liable

12

for Mr. Wineland's exposure to replacement parts manufactured by other entities but necessary for

13

the proper function of its valves.

14

### E.    THE COURT SHOULD DEFER CONSIDERING THE MOTION UNDER F.R.C.P. 56(d) UNTIL AFTER THE CLOSE OF DISCOVERY.

15

16

Given that discovery is ongoing against Defendants, Plaintiffs ask the Court to continue

17

the submission of their motions for summary judgment to allow additional time to obtain records

18

from Crane Co. regarding the products it supplied to the ships at issue, and witness testimony.

19

Federal Rule of Civil Procedure 56(d) provides:

20

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

21

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

22

(3) issue any other appropriate order.

23

24

PLAINTIFFS' OPPOSITION TO DEFENDANT CRANE
CO.'S MOTION FOR SUMMARY JUDGMENT - 17

FROST LAW FIRM, PC
273 West 7th Street
San Pedro, CA 90731
PH: (866) 353-6376;
FAX: (310) 861-8803

WEINSTEIN CAGGIANO PLLC
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON  98101
(206) 508-7070 - FACSIMILE (206) 237-8650

1    As of today, Crane Co. has not produced the responsive documents identified in its

2  discovery responses. Moreover, Plaintiffs have noticed a shipmate deposition for January 28, 2020.

3  (Declaration of Andrew Seitz, ¶ 15.) Deferring the hearing on Defendants' motions will not cause

4  undue delay and will not prejudice Crane Co. Discovery continues through January 28, 2020. The

5  deadline to note dispositive motions is not until March 6, 2020, and trial is set for May 4, 2020.

6  There is thus plenty of time for Plaintiffs to complete discovery and supplement this Memorandum

7  in Opposition to Crane Co.'s summary judgment motions without affecting the pretrial deadlines

8  set by the Court.

9                              IV. <u>CONCLUSION</u>

10    Based on the foregoing, Defendant Crane Co.'s motion for summary judgment should be

11  denied.

12    DATED this 21st day of January, 2020.

13                              FROST LAW FIRM, PC

14                              *s/ Andrew Seitz*
                                 Andrew Seitz, CA Bar No. 273165
15                              *Admitted Pro Hac Vice*
                                 Scott L. Frost, WSBA No. 54685
16                              273 West 7th Street
                                 San Pedro, CA 90731
17                              Tel: (866) 353-6376
                                 Fax: (310) 861-8803
18
                                 WEINSTEIN CAGGIANO PLLC
19                              Brian D. Weinstein, WSBA No. 24497
                                 Alexandra B. Caggiano, WSBA No. 47862
20                              601 Union Street, Suite 2420
                                 Seattle, Washington 98101
21                              Telephone: (206) 508-7070
                                 Facsimile: (206) 237-8650
22
                                 Counsel for Plaintiffs
23

24

PLAINTIFFS' OPPOSITION TO DEFENDANT CRANE
CO.'S MOTION FOR SUMMARY JUDGMENT - 18

**FROST LAW FIRM, PC**
273 West 7th Street
San Pedro, CA 90731
PH: (866) 353-6376;
FAX: (310) 861-8803

**WEINSTEIN CAGGIANO PLLC**
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON  98101
(206) 508-7070 - FACSIMILE (206) 237-8650

## CERTIFICATE OF SERVICE

I hereby declare under penalty of perjury under the laws of the State of Washington that on January 21, 2020, I served the foregoing via the methods below upon all counsel of record:

WEINSTEIN CAGGIANO PLLC

*s/ Rachel J. Torell*
Rachel J. Torell
Legal Assistant

| | | |
|---|---|---|
| **Air & Liquid Systems Corporation**<br>**Ingersoll-Rand Company**<br>Mark B. Tuvim, WSBA No. 31909<br>Kevin J. Craig, WSBA No. 29932<br>Trevor J. Mohr, WSBA No. 51857<br>Gordon Rees Scully Mansukhani, LLP<br>701 5th Avenue, Suite 2100<br>Seattle, Washington 98104<br>Phone:  (206) 695-5100<br>Fax:  (206) 689-2822<br>Email: seaasbestos@grsm.com | ( )<br>( )<br>( )<br>( **X** )<br>( ) | Legal Messenger<br>Facsimile<br>U.S. Mail<br>Federal Express<br>E-Mail<br>Hand Deliver |
| **Alfa Laval, Inc.**<br>Christine E. Dinsdale, WSBA No. 12622<br>Rachel A. Rubin, WSBA No. 48971<br>Soha & Lang, P.S.<br>1325 Fourth Avenue, Suite 2000<br>Seattle, WA 98101<br>Telephone: (206) 624-1800<br>Fax: (206) 624-3585<br>Email: dinsdale@sohalang.com<br>Email: rubin@sohalang.com<br>Email: asbestos@sohalang.com | ( )<br>( )<br>( )<br>( )<br>( **X** )<br>( ) | Legal Messenger<br>Facsimile<br>U.S. Mail<br>Federal Express<br>E-Mail<br>Hand Deliver |
| **Anchor/Darling Valve Company**<br>Jeffrey M. Odom, WSBA No. 36168<br>Angie R. Nolet, WSBA No. 50059<br>Lane Powell PC<br>1420 Fifth Avenue, Suite 4200<br>Seattle, WA 98111<br>Telephone: (206) 223-7000<br>Fax: (206) 223-7107 | ( )<br>( )<br>( )<br>( )<br>( **X** )<br>( ) | Legal Messenger<br>Facsimile<br>U.S. Mail<br>Federal Express<br>E-Mail<br>Hand Deliver |

**FROST LAW FIRM, PC**
273 West 7th Street
San Pedro, CA 90731
PH: (866) 353-6376;
FAX: (310) 861-8803

**WEINSTEIN CAGGIANO PLLC**
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON  98101
(206) 508-7070 - FACSIMILE (206) 237-8650

| | | |
|---|---|---|
| Email: odomj@lanepowell.com<br>Email: noleta@lanepowell.com<br>Email: asbestos@lanepowell.com<br>Email: Docketing-Sea@lanepowell.com | | |
| **Auburn Technology, Inc.**<br>Ronald C. Gardner, WSBA No. 9270<br>Gardner Trabolsi & Associates PLLC<br>2200 Sixth Avenue, Suite 600<br>Seattle, WA 98121<br>Telephone: (206) 256-6309<br>Fax: (206) 256-6318<br>Email: rgardner@gandtlawfirm.com | ( )<br>( )<br>( )<br>( )<br>( X )<br>( ) | Legal Messenger<br>Facsimile<br>U.S. Mail<br>Federal Express<br>E-Mail<br>Hand Deliver |
| **Aurora Pump Company**<br>Jeanne F. Loftis, WSBA No. 35355<br>Lorianne Hanson, WSBA 53388<br>Bullivant Houser Bailey PC<br>300 Pioneer Tower<br>888 SW Fifth Avenue<br>Portland, OR 97204-2089<br>Telephone: (503) 228-6351<br>Fax: (503) 295-0915<br>Email: Jeanne.loftis@bullivant.com<br>Email: lorianne.hanson@bullivant.com<br>Email: asbestos@bullivant.com<br>Email: asbestos-pdx@bullivant.com | ( )<br>( )<br>( )<br>( )<br>( X )<br>( ) | Legal Messenger<br>Facsimile<br>U.S. Mail<br>Federal Express<br>E-Mail<br>Hand Deliver |
| **Carrier Corporation**<br>Nicole R. MacKenzie, WSBA No. 45741<br>Ryan W. Vollans, WSBA No. 45302<br>Megan E. Uhle, WSBA No. 51451<br>Williams, Kastner & Gibbs PLLC<br>601 Union Street, Suite 4100<br>Seattle, WA 98101-2380<br>Telephone: (206) 628-6600<br>Fax: (206) 628-6611<br>Email: nmackenzie@williamskastner.com<br>Email: rvollans@williamskastner.com<br>Email: muhle@williamskastner.com<br>Email: wkgasbestos@williamskastner.com | ( )<br>( )<br>( )<br>( )<br>( X )<br>( ) | Legal Messenger<br>Facsimile<br>U.S. Mail<br>Federal Express<br>E-Mail<br>Hand Deliver |
| **CBS Corporation**<br>**General Electric Company**<br>Christopher S. Marks, WSBA No. 28634 | ( )<br>( )<br>( ) | Legal Messenger<br>Facsimile<br>U.S. Mail |

PLAINTIFFS' OPPOSITION TO DEFENDANT CRANE
CO.'S MOTION FOR SUMMARY JUDGMENT - 20

**FROST LAW FIRM, PC**
273 West 7th Street
San Pedro, CA 90731
PH: (866) 353-6376;
FAX: (310) 861-8803

**WEINSTEIN CAGGIANO PLLC**
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

| | | |
|---|---|---|
| Erin P. Fraser, WSBA No. 43379<br>Tanenbaum Keale LLP<br>One Convention Place<br>701 Pike Street, Suite 1575<br>Seattle, WA 98101<br>Telephone: (206) 889-5150<br>Email: cmarks@tktrial.com<br>Email: efraser@tktrial.com<br>Email: seattle.asbestos@tktrial.com | ( )<br>( X )<br>( ) | Federal Express<br>E-Mail<br>Hand Deliver |
| **Cleaver-Brooks, Inc.**<br>Timothy K. Thorson, WSBA No. 12860<br>Carney Badley Spellman, P.S.<br>701 Fifth Avenue, Suite 3600<br>Seattle, WA 98104<br>Telephone: (206) 622-8020<br>Email: Thorson@carneylaw.com<br>Email: asbestos@carneylaw.com | ( )<br>( )<br>( )<br>( )<br>( X )<br>( ) | Legal Messenger<br>Facsimile<br>U.S. Mail<br>Federal Express<br>E-Mail<br>Hand Deliver |
| **Crane Co.**<br>G. William Shaw, WSBA No. 8573<br>Ryan J. Groshong, WSBA No. 44133<br>K&L Gates LLP<br>925 Fourth Ave., Suite 2900<br>Seattle, WA 98104<br>Telephone: (206) 623-7580<br>Email: bill.shaw@klgates.com<br>Email: ryan.groshong@klgates.com<br>Email: se.asbestos@klgates.com | ( )<br>( )<br>( )<br>( )<br>( X )<br>( ) | Legal Messenger<br>Facsimile<br>U.S. Mail<br>Federal Express<br>E-Mail<br>Hand Deliver |
| **Curtis-Wright Flow Control Corp.**<br>Claude Bosworth, WSBA No. 42568<br>Shaun Morgan, WSBA No.<br>Rizzo Mattingly Bosworth, P.C.<br>1300 SW Sixth Avenue, Suite 330<br>Portland, OR 97201<br>Telephone: (503) 229-1819<br>Fax: (503) 229-0630<br>Email: asbestos@rizzopc.com<br>Email: cbosworth@rizzopc.com<br>Email: smorgan@rizzopc.com | ( )<br>( )<br>( )<br>( )<br>( X )<br>( ) | Legal Messenger<br>Facsimile<br>U.S. Mail<br>Federal Express<br>E-Mail<br>Hand Deliver |
| **Electrolux Home Products, Inc.**<br>Alice C. Serko, WSBA No. 45992<br>Christopher S. Marks, WSBA No. 28634 | ( )<br>( )<br>( ) | Legal Messenger<br>Facsimile<br>U.S. Mail |

| | | | |
|---|---|---|---|
| 1 | Malika Johnson, WSBA No. 39608 | ( ) | Federal Express |
| | Erin P. Fraser, WSBA No. 43379 | ( X ) | E-Mail |
| 2 | Tanenbaum Keale LLP | ( ) | Hand Deliver |
| | One Convention Place | | |
| 3 | 701 Pike Street, Suite 1575 | | |
| | Seattle, WA 98101 | | |
| 4 | Telephone: (206) 889-5150 | | |
| | Fax: (206) 889-5079 | | |
| 5 | Email: cmarks@tktrial.com | | |
| | Email: aserko@tktrial.com | | |
| 6 | Email: mjohnson@tktrial.com | | |
| | Email: efraser@tktrial.com | | |
| 7 | Email: seattle.asbestos@tktrial.com | | |

| | | | |
|---|---|---|---|
| 8 | **BW/IP, Inc.** | ( ) | Legal Messenger |
| | **Flowserve Corporation** | ( ) | Facsimile |
| 9 | Christine E. Dinsdale, WSBA No. 12622 | ( ) | U.S. Mail |
| | Rachel A. Rubin, WSBA No. 48971 | ( ) | Federal Express |
| 10 | SOHA & LANG, P.S. | ( X ) | E-Mail |
| | 1325 Fourth Avenue, Suite 2000 | ( ) | Hand Deliver |
| 11 | Seattle, WA 98101 | | |
| | Telephone: (206) 624-1800 | | |
| 12 | Fax: (206) 624-3585 | | |
| | Email: asbestos@sohalang.com | | |
| 13 | Email: dinsdale@sohalang.com | | |
| | Email: rubin@sohalang.com | | |

14

| | | | |
|---|---|---|---|
| 15 | **Flowserve US, Inc.** | ( ) | Legal Messenger |
| | **Invensys Systems, Inc.** | ( ) | Facsimile |
| | **Robertshaw Controls Co.** | ( ) | U.S. Mail |
| 16 | Randy J. Aliment, WSBA No. 11440 | ( ) | Federal Express |
| | Rachel Tallon Reynolds, WSBA No. 38750 | ( X ) | E-Mail |
| 17 | Taryn M. Basauri, WSBA No. 51637 | ( ) | Hand Deliver |
| | Lewis Brisbois Bisgaard & Smith LLP | | |
| 18 | 1111 Third Avenue, Suite 2700 | | |
| | Seattle, WA 98101 | | |
| 19 | Telephone: (206) 436-2020 | | |
| | Email: Seattle-Asbestos@lewisbrisbois.com | | |

20

| | | | |
|---|---|---|---|
| 21 | **Gardner Denver, Inc.** | ( ) | Legal Messenger |
| | Claude Bosworth, WSBA No. 42568 | ( ) | Facsimile |
| 22 | Shaun Morgan, WSBA No. 47203 | ( ) | U.S. Mail |
| | Rizzo Mattingly Bosworth, P.C. | ( ) | Federal Express |
| 23 | 1300 SW Sixth Avenue, Suite 330 | ( X ) | E-Mail |
| | Portland, OR 97201 | ( ) | Hand Deliver |

24

**FROST LAW FIRM, PC**
273 West 7th Street
San Pedro, CA 90731
PH: (866) 353-6376;
FAX: (310) 861-8803

**WEINSTEIN CAGGIANO PLLC**
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 – FACSIMILE (206) 237-8650

| | | |
|---|---|---|
| Telephone: (503) 229-1819<br>Fax: (503) 229-0630<br>Email: cbosworth@rizzopc.com<br>Email: smorgan@rizzopc.com<br>Email: asbestos@rizzopc.com | | |
| **IMO Industries, Inc.**<br>James E. Horne, WSBA No. 12166<br>Michael R. Ricketts, WSBA No. 9387<br>Gordon Thomas Honeywell LLP<br>600 University, Suite 2100<br>Seattle, WA 98101-4185<br>Telephone: (206) 676-7500<br>Fax: (206) 676-7575<br>Email: Jhorne@gth-law.com<br>Email: Mricketts@gth-law.com<br>Email: IMOservice@gth-law.com | ( )<br>( )<br>( )<br>( )<br>( X )<br>( ) | Legal Messenger<br>Facsimile<br>U.S. Mail<br>Federal Express<br>E-Mail<br>Hand Deliver |
| **The Nash Engineering Company**<br>Dana C. Kopij, WSBA No. 31648<br>Tyler J. Hermsen, WSBA No. 43665<br>Williams, Kastner & Gibbs PLLC<br>601 Union Street, Suite 4100<br>Seattle, WA 98101<br>Telephone: (206) 628-6600<br>Fax: (206) 628-6611<br>Email: dkopij@williamskastner.com<br>Email: thermsen@williamskastner.com<br>Email: wkgasbestos@williamskastner.com | ( )<br>( )<br>( )<br>( )<br>( X )<br>( ) | Legal Messenger<br>Facsimile<br>U.S. Mail<br>Federal Express<br>E-Mail<br>Hand Deliver |
| **Puget Sound Commerce Center, Inc.**<br>Christopher S. Marks, WSBA No. 28634<br>Erin P. Fraser, WSBA No. 43379<br>Malika Johnson, WSBA No. 39608<br>Alice C. Serko, WSBA No. 45992<br>Tanenbaum Keale LLP<br>One Convention Place<br>701 Pike Street, Suite 1575<br>Seattle, WA 98101<br>Telephone: (206) 889-5150<br>Email: cmarks@tktrial.com<br>Email: efraser@tktrial.com<br>Email: mjohnson@tktrial.com<br>Email: aserko@tktrial.com<br>Email: seattle.asbestos@tktrial.com | ( )<br>( )<br>( )<br>( )<br>( X )<br>( ) | Legal Messenger<br>Facsimile<br>U.S. Mail<br>Federal Express<br>E-Mail<br>Hand Deliver |

FROST LAW FIRM, PC
273 West 7th Street
San Pedro, CA 90731
PH: (866) 353-6376;
FAX: (310) 861-8803

WEINSTEIN CAGGIANO PLLC
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON  98101
(206) 508-7070 - FACSIMILE (206) 237-8650

| | | |
|---|---|---|
| D. David Steele, CA Bar No. 171636<br>George D. Yaron, CA Bar No. 96246<br>Yaron & Associates<br>1300 Clay Street, Suite 800<br>Oakland, CA 94612<br>Telephone: (415) 658-2929<br>Email: dsteele@yaronlaw.com<br>Email: gyaron@yaronlaw.com | | |
| **Syd Carpenter, Marine Contractor, Inc.**<br>J. Scott Wood, WSBA No. 41342<br>Diane C. Babbitt, WSBA No. 17956<br>Foley & Mansfield<br>999 Third Ave, Ste 3760<br>Seattle, WA 98104<br>Telephone: (206) 456-5056<br>Email: asbestos-sea@foleymansfield.com | (  )<br>(  )<br>(  )<br>(  )<br>( **X** )<br>(  ) | Legal Messenger<br>Facsimile<br>U.S. Mail<br>Federal Express<br>E-Mail<br>Hand Deliver |
| **TACO, Inc.**<br>Jeanne F. Loftis, WSBA No. 35355<br>Lorianne Hanson, WSBA No. 53388<br>Bullivant Houser Bailey PC<br>300 Pioneer Tower<br>888 SW Fifth Avenue<br>Portland, OR 97204-2089<br>Telephone: (503) 228-6351<br>Fax: (503) 295-0915<br>Email: Jeanne.loftis@bullivant.com<br>Email: lorriane.hanson@bullivant.com<br>Email: asbestos-pdx@bullivant.com<br>Email: asbestos@bullivant.com | (  )<br>(  )<br>(  )<br>(  )<br>( **X** )<br>(  ) | Legal Messenger<br>Facsimile<br>U.S. Mail<br>Federal Express<br>E-Mail<br>Hand Deliver |
| **Tyco International (US), Inc.**<br>*Registered Agent*<br>c/o CT Corporation System<br>155 Federal Street, Ste. 700<br>Boston, MA 02110 | (  )<br>(  )<br>( **X** )<br>(  )<br>(  )<br>(  ) | Legal Messenger<br>Facsimile<br>U.S. Mail<br>Federal Express<br>E-Mail<br>Hand Deliver |
| **Velan Valve Corporation**<br>**Milwaukee Valve Company, Inc.**<br>Mark B. Tuvim, WSBA No. 31909<br>Kevin J. Craig, WSBA No. 29932<br>Trevor J. Mohr, WSBA No. 51857 | (  )<br>(  )<br>(  )<br>(  )<br>( **X** ) | Legal Messenger<br>Facsimile<br>U.S. Mail<br>Federal Express<br>E-Mail |

FROST LAW FIRM, PC
273 West 7th Street
San Pedro, CA 90731
PH: (866) 353-6376;
FAX: (310) 861-8803

WEINSTEIN CAGGIANO PLLC
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

| | | |
|---|---|---|
| Gordon Rees Scully Mansukhani, LLP<br>701 5th Avenue, Suite 2100<br>Seattle, Washington 98104<br>Phone:  (206) 695-5100<br>Fax:  (206) 689-2822<br>Email: seaasbestos@grsm.com | (   ) | Hand Deliver |
| **Tate Andale, LLC**<br>**The WM. Powell Company**<br>Brian Smith, WSBA No. 45930<br>James D. Hicks, WSBA No. 36126<br>J. Scott Wood, WSBA No. 41342<br>Kyle Jones, WSBA No. 40838<br>Foley & Mansfield<br>999 Third Ave, Ste 3760<br>Seattle, WA 98104<br>Telephone: (206) 456-5056<br>Email: asbestos-sea@foleymansfield.com | (   )<br>(   )<br>(   )<br>(   )<br>( **X** )<br>(   ) | Legal Messenger<br>Facsimile<br>U.S. Mail<br>Federal Express<br>E-Mail<br>Hand Deliver |
| **Warren Pumps, LLC**<br>Allen Eraut, WSBA No. 30940<br>Rizzo Mattingly Bosworth, P.C.<br>1300 SW Sixth Avenue, Suite 330<br>Portland, OR 97201<br>Telephone: (503) 229-1819<br>Fax: (503) 229-0630<br>Email: aeraut@rizzopc.com<br>Email: asbestos@rizzopc.com | (   )<br>(   )<br>(   )<br>(   )<br>( **X** )<br>(   ) | Legal Messenger<br>Facsimile<br>U.S. Mail<br>Federal Express<br>E-Mail<br>Hand Deliver |

**FROST LAW FIRM, PC**
273 West 7ᵗʰ Street
San Pedro, CA 90731
PH: (866) 353-6376;
FAX: (310) 861-8803

**WEINSTEIN CAGGIANO PLLC**
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON  98101
(206) 508-7070  -  FACSIMILE (206) 237-8650