# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

CHARLOTTE WINELAND, *et al.*,

Plaintiffs,

v.

AIR & LIQUID SYSTEMS CORPORATION, *et al.*,

Defendants.

NO. C19-0793RSL

ORDER DENYING DEFENDANT ALFA LAVAL'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

This matter comes before the Court on "Defendant Alfa Laval Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction." Dkt. # 76.[1] Plaintiffs have the burden of demonstrating that the Court may exercise personal jurisdiction over each defendant named in this action. In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 741 (9th Cir. 2013). Plaintiffs have sued twenty-six defendants based on the same generic, conclusory allegations regarding their contacts with the State of Washington. See, e.g., Dkt. # 53 at ¶ 2.1 ("Plaintiffs' claims in this case arise out of or relate to Defendants' contacts with Washington that arose or existed at the time of Mr. Wineland's asbestos exposure."). Alfa Laval challenges the adequacy of these

---

[1] This matter can be decided on the papers submitted. The parties' requests for oral argument are therefore DENIED.

ORDER DENYING ALFA LAVAL'S
MOTION TO DISMISS - 1

allegations, asserting that they are insufficient to raise a plausible inference that Alfa Laval has sufficient contacts with the forum state to justify this Court's exercise of personal jurisdiction. Alfa Laval argues that "[a]bsent admissible evidence that Mr. Wineland's exposure to asbestos arises out of activity that Alfa Laval purposefully directed [activities] at the State of Washington, Plaintiffs' Complaint against Alfa Laval must be dismissed." Dkt. # 76 at 7.[2]

In response, plaintiffs have come forward with evidence of the following:

● Alfa Laval is responsible for DeLaval and Sharples purifiers, both of which contain asbestos;

● a DeLaval purifier was shipped by Alfa Laval to the J.M. Martinac Shipbuilding Company in Tacoma, Washington, for installation on the USS Pledge, a ship on which the deceased served;

● Alfa Laval provided replacement parts, including asbestos-containing gaskets, for purifiers installed on Navy ships;

● major repairs to Alfa Laval's purifiers had to be performed at a shipyard, at which point

---

[2] The Ninth Circuit has established a three-prong test to determine whether the Court may exercise specific personal jurisdiction. See, e.g., Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002). Plaintiffs bear the burden of establishing the first two prongs, namely that (1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws [and] (2) the claim must be one which arises out of or relates to the defendant's forum-related activities . . . ." Morrill v. Scott Fin. Corp., 873 F.3d 1136, 1142 (9th Cir. 2017). "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1073 (9th Cir. 2001) (quoting Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1127 (9th Cir. 2010)).

Alfa Laval would send its employees out - including to shipyards in Washington - to repair the purifiers.

Dkt. # 46 at 3-4. The Court finds that plaintiffs' allegations, supplemented by evidence that Alfa Laval shipped asbestos-containing products to Washington for installation on a ship on which the deceased worked, is sufficient to establish a prima facie case of personal jurisdiction at this stage of the litigation.[3]

For all of the foregoing reasons, defendant Alfa Laval's motion to dismiss for lack of personal jurisdiction (Dkt. # 76) is DENIED.

Dated this 22nd day of January, 2020.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[3] Alfa Laval has offered no evidence regarding its activities during the relevant time frame. This decision is without prejudice to its ability to prove that it did not, in fact, supply asbestos-containing materials to which plaintiff was exposed.

ORDER DENYING ALFA LAVAL'S
MOTION TO DISMISS - 3