HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLOTTE WINELAND, Individually, and SUSAN WINELAND, as Personal Representative of the Estate of JOHN DALE WINELAND, Deceased, <br><br>                  Plaintiffs, <br><br>     v. <br><br> AIR & LIQUID SYSTEMS CORPORATION, et al. <br><br>                  Defendants. | Case No. 2:19-cv-00793-RSL <br><br> DEFENDANT CRANE CO.'S REPLY IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT <br><br> NOTED FOR HEARING: January 24, 2020 <br><br> ORAL ARGUMENT REQUESTED |

## I.     INTRODUCTION AND RELIEF REQUESTED

Plaintiffs' Opposition to Crane Co.'s Motion for Summary Judgment does not present the Court with anything beyond speculation that Mr. Wineland was exposed to asbestos-containing materials for which Crane Co. is legally responsible. Summary judgment is appropriate for that reason. Plaintiffs' request that the Court defer consideration of Crane Co.'s Motion pursuant to Fed. R. Civ. P. 56(d) fails to identify the specific facts Plaintiffs expect further discovery to reveal, and is, accordingly, deficient under the rules.

///

///

///

///

DEFENDANT CRANE CO.'S REPLY IN
FURTHER SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 1
(Case No. 2:19-cv-00793-RSL)

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 370-7955
FACSIMILE: (206) 370-6169

## II.     AUTHORITY AND ARGUMENT

**1.     There is no admissible evidence that a Crane Co. product exposed Mr. Wineland to asbestos.**

Significantly, there is no testimony in this case from anyone who has personal knowledge of Mr. Wineland's work.  Accordingly, there is no evidence, from any witness with knowledge, that Mr. Wineland ever worked with any Crane Co. valve, let alone that he was exposed to any asbestos-containing material used with such a valve and for which Crane Co. is legally responsible.

Plaintiffs have attempted to construct a case wholly upon the unsupported speculation of one of their expert witnesses.  Specifically, Plaintiffs' Navy expert, Captain Lowell, speculates in his report that based on his review of some incomplete naval records, Mr. Wineland "would have performed hands-on inspection, maintenance, repair, installation, and removal of valves . . . ." Dkt. 146-2 at 20.  Captain Lowell further claims that "numerous Crane-supplied valves were installed in Mr. Wineland's ships' machinery spaces and that Mr. Wineland worked with and around those many Crane-supplied valves."  *Id.* at 25.  As he does not claim that he ever worked with, served aboard a ship with, or even spoke to Mr. Wineland, Captain Lowell's statements regarding the work Mr. Wineland would have or could have performed, let alone the particular brands of products he worked with, are pure speculation and are not competent evidence to oppose summary judgment.

Plaintiffs' argument that this sort of testimony was held sufficient to withstand summary judgment in prior Washington state decisions is unavailing.   Recent Western District of Washington decisions and numerous others have held insufficient to withstand summary judgment evidence very similar to what Plaintiffs present here.  *See Yaw v. Air & Liquid Sys. Corp.*, 2019 WL 3531232, at *2 (W.D. Wash., Sept. 25, 2019) (noting insufficiency of establishing a product's mere presence in the workplace and granting manufacturer's motion for summary judgment where plaintiff "fail[ed] to identify a specific time that [plaintiff] was on a particular ship and exposed to a particular product that had produced or was producing asbestos dust"); *Klopman-Baerselman v.*

DEFENDANT CRANE CO.'S REPLY IN
FURTHER SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 2
(Case No. 2:19-cv-00793-RSL)

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 370-7955
FACSIMILE: (206) 370-6169

*Air & Liquid Sys. Corp.*, 2019 WL 5064765, at *2 (W.D. Wash., Oct. 9, 2019) (granting manufacturer's motion for summary judgment where plaintiff did not offer "testimony of witnesses with personal knowledge of decedent using or otherwise being exposed to an asbestos-containing product for which [defendant] is responsible"); *Deem v. Air & Liquid Sys. Corp.*, 2019 WL 6251040, at *3 (W.D. Wash., Nov. 22, 2019) (granting manufacturer's motion for summary judgment where plaintiffs failed to establish exposure through fact witnesses and "easily reject[ing] expert report that purported to show exposure"); *Nelson v. Air & Liquid Sys. Corp.*, 2014 WL 6982476, at *4 (W.D. Wash., Dec. 9, 2014).

Decisions from other courts are in accord.  For instance, *MacQueen v. Warren Pumps LLC*, 246 F. Supp. 3d 1004, 1013 (D. Del. 2017), plaintiffs had no witnesses indicating that the decedent worked with or around particular defendants' products.  Plaintiffs sought to overcome this deficiency by presenting a naval expert who testified that based on his review of the decedent's naval and service records, defendants' products had been onboard the ships at issue, and the decedent "would have worked with or been in close proximity" to asbestos components contained within such products.  *Id.* at 1014.  The court held that an "expert affidavit of this nature, standing alone, is simply not enough to create a genuine fact issue for trial."  *Id.* at 1016.  The court further explained:

> Plaintiff has not produced any percipient fact witness testimony that would demonstrate that [decedent] ever worked on or was otherwise exposed to any of the Defendants' products.  She relies solely on [expert] opinion that, based on what [decedent's] job titles and duties were, he "*would have* worked with and been in close proximity to" [defendants'] products on the two relevant vessels.  But as the key, hypothetical-sounding words ("would have") in [the expert's] opinion testimony suggest, there is not sufficiently solid evidence here as to what products [decedent] *actually* was exposed to.  [The expert's] testimony that [decedent] "would have been exposed" to a certain product is not all that different from testimony that [decedent] "could have" or "might have" been so exposed.  All such testimony is unduly speculative and cannot, on its own, raise a genuine issue of material fact.

DEFENDANT CRANE CO.'S REPLY IN
FURTHER SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 3
(Case No. 2:19-cv-00793-RSL)

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 370-7955
FACSIMILE: (206) 370-6169

*Id.* at 1018.  *See also Olivar v. Buffalo Pumps, Inc.*, 2011 WL 13254695, at *5 (E.D. Pa., Mar. 29, 2011) (granting equipment manufacturer's motion for summary judgment where plaintiff "us[ed] an expert witness to establish the factual (product identification and exposure) basis of her case."); *Davis v. Air & Liquid Sys. Corp. et. al.*, 2017 WL 6886678, at *3 (D. Ariz., Nov. 9, 2017) (granting Crane Co.'s motion for summary judgment where, although naval expert indicated Crane Co. valves were present aboard a ship where plaintiff worked, (1) the expert did not indicate where the valves were located on the ship, and (2) his speculative testimony that plaintiff "likely" repaired valves was insufficient).

The result here should likewise be summary judgment in Crane Co.'s favor regardless of whether the Court applies Washington or maritime law in this action.  Both bodies of law use a substantial factor test for causation.  *Lockwood v. AC&S, Inc.*, 109 Wn.2d 235, 245-248, 744 P.2d 605 (1987); *McIndoe v. Huntington Ingalls Inc.*, 817 F.3d 1170, 1174-1176 (9th Cir. 2016).  Here, Plaintiffs have submitted no evidence that could raise a genuine dispute of material fact on that element.

## 2. There is no evidence supporting imposing any legal duty on Crane Co. for other manufacturers' products.

After arguing the element of causation solely with reference to Washington law, Plaintiffs pivot to a discussion of the recent decision of the United States Supreme Court in the *DeVries* matter, a maritime law decision, when addressing the element of legal duty.  In this sense, Plaintiffs try to "have it both ways."  They presumably believe that their case is stronger on the element of causation if analyzed under Washington precedents, but stronger on the element of duty if analyzed under maritime precedents.  To the contrary, Plaintiffs' claims fail on both elements regardless of the applicable law.

If Washington law applies to the question of legal duty, then summary judgment for Crane Co. is plainly appropriate.  In *Braaten v. Saberhagen Holdings, Inc.*, 165 Wn.2d 373, 396-97, 198 P.3d 493 (2008), the Court upheld the entry of summary judgment for Crane Co. upon finding that

DEFENDANT CRANE CO.'S REPLY IN
FURTHER SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 4
(Case No. 2:19-cv-00793-RSL)

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 370-7955
FACSIMILE: (206) 370-6169

there was no evidence that Crane Co. manufactured or supplied any of the asbestos-containing materials that plaintiff encountered. The record is the same here.

If maritime law applies to the question of legal duty, the result is the same. The Supreme Court in *DeVries* recognized, in a narrow exception to the general rule of no liability, that one manufacturer is legally responsible for another manufacturer's product only when the defendant manufacturer's product "required" the use of the allegedly injurious product. But, as a factual matter, and even assuming the *DeVries* analysis applies to Crane Co.'s valves,[1] the *Braaten* Court has already rejected any notion that Crane Co.'s valves required asbestos-containing materials to function. *See Braaten*, 165 Wn.2d at 394-95 (noting that Crane Co. catalogs offered non-asbestos-containing gaskets and packing for use with its valves, as well as the Navy's approval of more than 60 different types of packing); *accord O'Neil v. Crane Co.*, 266 P.3d 987 (2012) (finding no evidence that the valves Crane Co. sold the Navy required asbestos-containing gaskets, packing, or insulation to operate).

The evidence is no different here. Plaintiffs argue in their opposition that the evidence shows that there were "few" substitutes for asbestos-containing gaskets and packing. *See* ECF Document 145, page 7. But "few" does not mean "none." If there were, as Plaintiffs concede, alternative, non-asbestos-containing gaskets and packing available for use with Crane Co.'s valves (which was an explicit finding of the *Braaten* Court), then Plaintiffs cannot establish required use, and their claim fails under maritime law just as it does under Washington law.

**3.    Crane Co.'s Motion is ripe for decision.**

Although Plaintiffs ask the Court to delay consideration of Crane Co.'s motion until the close of all discovery, they do not satisfy the standard for such treatment. In order to satisfy Fed.

---

[1] Crane Co. was a defendant in the *DeVries* matter, and the trial court granted summary judgment to Crane Co. on the grounds that Crane Co. had no legal duty for materials which others added to Crane Co.'s valves but which Crane Co. did not manufacture or sell. *See* Order of November 18, 2013, attached as Exhibit A to the Declaration of G. William Shaw, filed herewith. Plaintiff did not appeal that ruling.

DEFENDANT CRANE CO.'S REPLY IN
FURTHER SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 5
(Case No. 2:19-cv-00793-RSL)

1   R. Civ. P. 56(d), a party must identify the specific facts that further discovery would reveal and

2   explain why those facts would preclude summary judgment.  *Tatum v. City & County of San*

3   *Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).   Broad references to a need for additional

4   discovery, or general statements that some discovery is not yet complete, are insufficient.  *See,*

5   *e.g.*, *Hall v. Hawaii*, 791 F.2d 759, 761 (9th Cir. 1986).  Here, Plaintiffs have not identified any

6   reason to believe that any further discovery will alter the facts of record or fill the fundamental

7   gaps in Plaintiffs' proof.

## III.    CONCLUSION

9       For the foregoing reasons, Crane Co. respectfully requests that the Court grant Crane Co.

10   summary judgment and dismiss Plaintiffs' claims against Crane Co. with prejudice.

11       DATED this 24th day of January, 2020.

12                                  K&L GATES LLP

15                          By: *s/ G. William Shaw*
                               G. William Shaw, WSBA # 8573
16                             Ryan J. Groshong, WSBA # 44133
                               925 4th Avenue, Suite 2900
17                             Seattle, WA  98104
                               Email:  bill.shaw@klgates.com
18                                       ryan.groshong@klgates.com
                                         se.asbestos@klgates.com
19
                               *Attorneys for Crane Co.*
20

DEFENDANT CRANE CO.'S REPLY IN
FURTHER SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 6
(Case No. 2:19-cv-00793-RSL)

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 370-7955
FACSIMILE: (206) 370-6169

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on January 24, 2020, I caused the foregoing to be served via email on

3    all parties of record as follows:

4

| Brian D. Weinstein<br>Alexandra B. Caggiano<br>Weinstein Caggiano PLLC<br>601 Union Street, Suite 2420<br>Seattle, WA 98101<br>Email: brian@weinsteincaggiano.com<br>          alex@weinsteincaggiano.com<br>          service@weinsteincaggiano.com<br><br>Scott L. Frost<br>Andrew Seitz (*admitted pro hac vice*)<br>Frost Law Firm PC<br>273 West 7th Street<br>San Pedro, CA 90731<br>Email: scott@frostlawfirm.com<br>          andrew@frostlawfirm.com<br>          admin@frostlawfirm.com<br><br>***Attorneys for Plaintiffs*** | Mark B. Tuvim<br>Kevin J. Craig<br>Trevor J. Mohr<br>Gordon & Rees Scully Mansukhani, LLP<br>701 Fifth Avenue, Suite 2100<br>Seattle, WA 98104<br>Email: mtuvim@grsm.com<br>          kcraig@grsm.com<br>          tmohr@grsm.com<br>          seaasbestos@grsm.com<br><br>***Attorneys for Air & Liquid Systems Corporation; Ingersoll-Rand Company; Milwaukee Valve Company, Inc.; and Velan Valve Corporation*** |
| Jeffrey M. Odom<br>Angie R. Nolet<br>Lane Powell PC<br>1420 5th Avenue, Suite 4200<br>Seattle, WA 98101<br>Email: odomj@lanepowell.com<br>          noleta@lanepowell.com<br><br>***Attorneys for Anchor/Darling Valve Company (improperly named as Flowserve US, Inc.)*** | Ronald C. Gardner<br>Gardner Trabolsi & Associates PLLC<br>2200 Sixth Avenue, Suite 600<br>Seattle, WA 98121<br>Email: rgardner@gandtlawfirm.com<br><br>***Attorneys for Auburn Technology, Inc.*** |
| Jeanne F. Loftis<br>Lorianne Hanson<br>Bullivant Houser Bailey PC<br>888 SW Fifth Avenue, Suite 300<br>Portland, OR 97204<br>Email: jeanne.loftis@bullivant.com<br>          lorianne.hanson@bullivant.com<br>          asbestos-pdx@bullivant.com<br><br>***Attorneys for Aurora Pump Company; and Taco, Inc.*** | Christine E. Dinsdale<br>Rachel A. Rubin<br>Soha & Lang, P.S.<br>1325 Fourth Avenue, Suite 2000<br>Seattle, WA 98101-2570<br>Email: dinsdale@sohalang.com<br>          rubin@sohalang.com<br>          asbestos@sohalang.com<br><br>***Attorneys for BW/IP, Inc.; Alfa Laval, Inc.; and Flowserve Corporation f/k/a the Duriron Company (improperly named as Flowserve US, Inc.)*** |

DEFENDANT CRANE CO.'S REPLY IN
FURTHER SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 7
(Case No. 2:19-cv-00793-RSL)

| | |
|---|---|
| Ryan W. Vollans<br>Nicole R. MacKenzie<br>Megan E. Uhle<br>Williams Kastner<br>601 Union Street, Suite 4100<br>Seattle, WA 98101<br>Email: rvollans@williamskastner.com<br>nmackenzie@williamskastner.com<br>muhle@williamskastner.com<br>wkgasbestos@williamskastner.com<br><br>***Attorneys for Carrier Corporation*** | Christopher S. Marks<br>Erin P. Fraser<br>Tanenbaum Keale, LLP<br>One Convention Place<br>701 Pike Street, Suite 1575<br>Seattle, WA 98101<br>Email: cmarks@tktrial.com<br>efraser@tktrial.com<br>seattle.asbestos@tktrial.com<br><br>***Attorneys for CBS Corporation; Electrolux Home Products, Inc.; and General Electric Company*** |
| Timothy K. Thorson<br>Carney Badley Spellman PS<br>701 Fifth Avenue, Suite 3600<br>Seattle, WA 98104<br>Email: thorson@carneylaw.com<br>asbestos@carneylaw.com<br><br>***Attorneys for Cleaver-Brooks, Inc.*** | Claude Bosworth<br>Shaun M. Morgan<br>Rizzo Mattingly Bosworth PC<br>1300 SW Sixth Avenue, Suite 330<br>Portland, OR 97201-3530<br>Email: cbosworth@rizzopc.vom<br>smorgan@rizzopc.com<br>asbestos@rizzopc.com<br><br>***Attorneys for Curtiss-Wright Flow Control Corp.; and Gardner Denver, Inc.*** |
| Randy J. Aliment<br>Rachel Tallon Reynolds<br>Taryn M. Basauri<br>Lewis Brisbois Bisgaard & Smith LLP<br>1111 Third Avenue, Suite 2700<br>Seattle, WA 98101<br>Email: randy.aliment@lewisbrisbois.com<br>rachel.reynolds@lewisbrisbois.com<br>taryn.basauri@lewisbrisbois.com<br>Seattle-Asbestos@lewisbrisbois.com<br><br>***Attorneys for Flowserve US, Inc., solely as successor-in-interest to Edward Valves, Inc.; Invensys Systems, Inc.; and Robertshaw Controls Co.*** | Michael E. Ricketts<br>James E. Horme<br>Gordon Thomas Honeywell<br>600 University Street, Suite 2915<br>Seattle, WA 98101<br>Email: mricketts@gth-law.com<br>jhorne@gth-law.com<br>service@gth-law.com<br><br>***Attorneys for IMO Industries, Inc.*** |

DEFENDANT CRANE CO.'S REPLY IN
FURTHER SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 8
(Case No. 2:19-cv-00793-RSL)

| | |
|---|---|
| Dana C. Kopij<br>Tyler J. Hermsen<br>Williams Kastner<br>601 Union Street, Suite 4100<br>Seattle, WA  98101<br>Email:  dkopij@williamskastner.com<br>        thermsen@williamskastner.com<br>        WKGasbestos@williamskastner.com<br><br>**Attorneys for The Nash Engineering Company** | Christopher S. Marks<br>Malika Johnson<br>Erin P. Fraser<br>Alice C. Serko<br>Tanenbaum Keale, LLP<br>One Convention Place<br>701 Pike Street, Suite 1575<br>Seattle, WA  98101<br>Email:  cmarks@tktrial.com<br>        mjohnson@tktrial.com<br>        efraser@tktrial.com<br>        aserko@tktrial.com<br>        seattle.asbestos@tktrial.com<br><br>George D. Yaronh (*admitted pro hac vice*)<br>D. David Steel (*admitted pro hac vice*)<br>Yaron & Associates<br>1300 Clay Street, Suite 800<br>Oakland, CA  94612<br>Email:  gyaron@yaronlaw.com<br>        dsteele@yaronlaw.com<br><br>**Attorneys for Puget Sound Commerce Center, Inc.** |
| J. Scott Wood<br>Diane C. Babbitt<br>Foley & Mansfield<br>999 Third Avenue, Suite 3760<br>Seattle, WA  98104<br>Email:  swood@foleymansfield.com<br>        dbabbitt@foleymansfield.com<br>        asbestos-sea@foleymansfield.com<br><br>**Attorneys for Syd Carpenter Marine Contractor, Inc.** | J. Scott Wood<br>Kyle Jones<br>Foley & Mansfield<br>999 Third Avenue, Suite 3760<br>Seattle, WA  98104<br>Email:  swood@foleymansfield.com<br>        kjones@foleymansfield.com<br>        asbestos-sea@foleymansfield.com<br><br>**Attorneys for Tate Andale, Inc.** |
| James D. Hicks<br>Brian B. Smith<br>Foley & Mansfield<br>999 Third Avenue, Suite 3760<br>Seattle, WA  98104<br>Email:  jhicks@foleymansfield.com<br>        bsmith@foleymansfield.com<br>        asbestos-sea@foleymansfield.com<br><br>**Attorneys for The WM Powell Company** | |

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 370-7955
FACSIMILE: (206) 370-6169

1    I declare under penalty of perjury under the laws of the State of Washington that the

2    foregoing is true and correct

3    SIGNED at Seattle, Washington this 24th day of January, 2020.

4

5                                        *s/ Mary J. Klemz*_____
                                         Mary J. Klemz, Sr. Practice Assistant

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 370-7955
FACSIMILE: (206) 370-6169