UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLOTTE WINELAND, Individually, and SUSAN WINELAND, as Personal Representative of the Estate of JOHN DALE WINELAND, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>Defendants. | No.: 2:19-cv-00793-RSL |

**PROTECTIVE ORDER**

1. It is hereby ordered by the Court that the following shall apply to information, documents, testimony, excerpts from documents, and other materials produced in this action <u>by plaintiffs or defendant Carrier Corporation</u> pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of the Western District of Washington at Seattle governing disclosure and discovery.

2. Information, testimony, documents and other materials may be designated ("Designated Material") <u>by plaintiffs or defendant Carrier Corporation</u> ("Designating Party(ies)") in the manner permitted as set forth in this Protective Order ("Order"). All such information, testimony, documents, excerpts from documents, and other materials will constitute "Designated Material" under this Order. The designations shall be (a) "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations," (hereafter: "Export-Controlled") and/or, (b) "SENSITIVE—SUBJECT TO NISPOM—National Industrial Security Program

Operating Manual, DoD 5220.22-M."

3. Documents shall be designated by stamping or otherwise marking the documents with the words "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations" and/or "SENSITIVE—SUBJECT TO NISPOM—National Industrial Security Program Operating Manual, DoD 5220.22-M," thus clearly identifying the category of Designated Material for which protection is required under the terms of this Order. Depending on the nature and substance of the document it may be designated with more than one designation under this Order. Designated Material not reduced to documentary form shall be designated by the Designating Party in a reasonably equivalent way.

4. ~~Nondisclosure of information designated as Confidential:~~

   a. ~~Information may be designated as Confidential if the information constitutes (i) a trade secret as defined under law; (ii) confidential or proprietary business information, the disclosure of which might adversely affect or prejudice the business or the competitive position of the Designating Party or any of that party's past or present subsidiaries, affiliated companies, or divisions, within that party's trade or business; (iii) non-public financial information relating to the Designating Party or any of that party's present or past subsidiaries, affiliated companies or divisions; (iv) non-public information which the Designating Party is under an obligation to any other person to maintain in confidence; or (v) any information otherwise protected from disclosure by the applicable rules of civil procedure and/or rules of evidence. Confidential information will mean and include information contained or disclosed in any materials, including without limitation, documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is designated as Confidential as set forth in this Order by~~

~~any party to which such information belongs. All documents marked as "Proprietary" will be deemed as designated Confidential.~~

   ~~b.     The Parties agree that information designated Confidential may be used by any or all parties to the instant litigation for any lawful purposes at deposition and/or trial and may be attached as an exhibit to any depositions taken for these purposes pursuant to the terms of this Order.~~

   ~~c.     If a party or its principal or authorized agent receives a subpoena or other process ("Subpoena") demanding production of information or materials that have been designated as Confidential, the recipient of the subpoena shall promptly give notice of the same by electronic mail, certified express mail (return receipt requested), overnight delivery, or facsimile transmission to counsel of record for the affected Designating Party and shall furnish such counsel with a copy of the Subpoena or other request so that the affected Designating Party may, in its sole discretion, move to quash or limit the Subpoena or request or otherwise oppose production of the material or information designated as Confidential. The person receiving the Subpoena or other request shall not produce the information or material designated as Confidential until the Designating Party has had a reasonable opportunity to challenge the Subpoena or request.~~

~~5.     Material designated as Confidential shall not be used or disclosed for any purpose other than the litigation of this action and may be disclosed only as follows:~~

   ~~a.     Parties: material designated Confidential may be disclosed to parties to this action including their attorneys, directors, officers, employees, and consultants who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action for trial or settlement. Before material designated as Confidential is disclosed for this purpose, each intended recipient must agree to be bound by this Order by signing a copy of the form attached hereto as Exhibit A ("Exhibit A").~~

~~b.     Other Persons: material designated Confidential may be provided as necessary to copying services, translators, and litigation support firms. Before material designated as Confidential is disclosed to such third parties, each such person must agree to be bound by this Order by signing a copy of Exhibit A.~~

~~c.     A party that provides or discloses material designated as Confidential to persons under the provisions of this paragraph (Paragraph No. 5) shall maintain copies of all signed Exhibit A forms and, upon request, shall produce all such signed Exhibit A forms to the Designating Party upon the final termination of this action.~~

6.     The Designating Party shall designate any materials, testimony or information that it believes to be subject to U.S. Export Control Laws[1] as "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations."  If classified data is involved, the receiving Party must also comply with the National Industrial Security Program Operating Manual, DoD 5220.22-M ("NISPOM") and the Designating Party shall so indicate in its designation by stamping the document as follows: "SENSITIVE—SUBJECT TO NISPOM—National Industrial Security Program Operating Manual, DoD 5220.22-M."

7.     Material designated as Export-Controlled may only be released, disclosed or made accessible to U.S. Persons (as that term is defined at 22 CFR 120.15 and hereafter "U.S. Person" or "U.S. Persons"), that are not named on any restricted or denied party/individual/entity list maintained by relevant government agencies. This restriction applies to any material designated as Export-Controlled, whether stored electronically on a server or otherwise. Before material designated as Export-Controlled is disclosed to any

---

[1] U.S. Export Control Laws shall include the U.S. Arms Export Control Act, as amended, 22 U.S.C. §§ 2751-2799, the International Traffic in Arms Regulations, as amended, 22 CFR 120-130 ("ITAR"), the Export Control Reform Act, 50 U.S.C. §§ 4801-4826, and/or the U.S. Export Administration Regulations, as amended, 15 CFR 730 et seq. ("EAR") and any regulations and orders administered by the Treasury Department's Office of Foreign Assets Control Regulations (31 CFR Chapter V).

person, each such person must affirm their status as a U.S. Person not appearing on any restricted or denied party list and agree to be bound by this Order by signing a copy of Exhibit A.

8. In addition to the other requirements of this Order, by accepting material designated as Export-Controlled, the receiving party represents and warrants that he/she/it is a U.S. Person (as that term is defined as set forth above and at 22 CFR 120.15) and that he/she/it will comply with all applicable export, import, and sanctions laws, regulations, orders, and authorizations.

9. Prior to disclosing any Designated Material to any person, the person making such disclosure shall:

    a. inform the person to whom disclosure is intended of the ~~Confidential and/or~~ Export-Controlled nature of the Designated Material by calling their attention to the designations and explaining what each designation means as set forth in this Order;

    b. inform the person to whom disclosure is intended that this Court has enjoined the use of the Designated Material by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person;

    c. provide the person to whom disclosure is intended with a copy of this Order and obtain a copy of Exhibit A that is signed by that person; and,

    d. for any material designated as Export-Controlled, confirm that the person to whom disclosure is intended is a U.S. Person (as that term is defined as set forth above and at 22 CFR 120.15), has not been charged with or convicted of any of the criminal statutes enumerated in 22 C.F.R. § 120.27, and has been successfully screened pursuant to Paragraph No. 7 of this Order.

10. An Exhibit A, signed by the person receiving Export-Controlled material, must be provided to the Designating Party before any Export-Controlled material is disclosed to that person. As outlined in Paragraph No. 7, above, the person receiving

Export-Controlled material must be eligible to receive Export-Controlled materials and affirm their status as a U.S. Person not appearing on any restricted or denied party list and agree to be bound by this Order by signing a copy of Exhibit A before any Export-Controlled material is disclosed to that person.

11. A person having custody of Designated Material shall maintain it in a manner that limits access to the Designated Material to persons permitted such access under this Order.

12. The Designating Parties will use reasonable care to avoid designating documents or information that do not qualify for a designation.

13. A party may submit a request in writing to the Designating Party that produced Designated Material that the designation be modified or withdrawn. If the Designating Party does not agree to the withdrawal or re-designation within fifteen business days, the objecting party may apply to the Court for relief. A motion requesting that a designation be modified or withdrawn must identify, with specificity, the designation(s) at issue and the reasons why the moving party asserts that the designation is improper. Upon any such application/motion, the burden shall be on the Designating Party to show why the designation is proper. Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the Designating Party in an effort to resolve the matter.

14. When Export-Controlled testimony is sought at a deposition or when Export-Controlled information or material is produced or requested to be produced at a deposition, the Designating Party may exclude from the deposition all persons other than those to whom the Export-Controlled material may be disclosed under this Order.

15. A party may mark Designated Material as a deposition exhibit, only if the deposition witness is one to whom the exhibit may be disclosed under this Order and if the exhibit displays the same designation as the original Designated Material.

16. A party which reasonably anticipates it will use, disclose, seek the disclosure of, or be requested to disclose information or material at a ~~hearing or~~ discovery

proceeding that is or will be designated as Export-Controlled material must notify all parties of the same within ten days of serving or receiving notice of the ~~hearing or~~ discovery proceeding.  If the party serving notice of the ~~hearing or~~ discovery proceeding reasonably anticipates that Export-Controlled material will be used or disclosed at the ~~hearing or~~ discovery proceeding, that party must also identify the Designating Party of the Export-Controlled material that it anticipates will be used or disclosed in its notice to all parties that Export-Controlled material will be used or disclosed at the ~~hearing or~~ proceeding.  Parties who expect to attend any ~~hearing or~~ discovery proceeding where notice has been given about the possible disclosure of Export-Controlled material pursuant to this paragraph must provide to the Designating Party a signed Exhibit A with sufficient personal information necessary to conduct the screening described in paragraph No. 7, above, for all persons whom they wish to attend the ~~hearing or~~ discovery proceeding.  The names and identifying information must be provided to the Designating Party at least 10 calendar days before the date noticed for the ~~hearing or~~ discovery proceeding.  The Designating Party will respond no later than three days before the ~~hearing or~~ discovery proceeding with the results of the screening.  Any party that fails to timely provide the names and necessary identifying information may waive its right to be present at the subject ~~hearing or~~ discovery proceeding.

17. Deposition transcripts, or portions thereof, may be designated either (a) when the testimony is recorded, or (b) by written notice to all counsel of record, given within fifteen business days after the Designating Party's receipt of the transcript, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof, including any "rough draft," incomplete or uncertified copies of the transcript in their possession or control as directed by the Designating Party.  For any ~~hearing or~~ discovery proceeding where a party provides notice that it anticipates disclosure of Export-Controlled materials as set forth in Paragraph No. 16, pending expiration of the fifteen business days as referenced in this paragraph, the deposition transcript shall be treated as designated Export-Controlled in its

entirety, and may not be distributed to anyone other than the Designating Party.

18.  Designated Material may only be filed with a court under seal, identified as being subject to this Order as ~~Confidential or~~ Export-Controlled material, and protected from being opened except by court order. Filing pleadings or other papers disclosing or containing Designated Material does not waive the designated status of the material. <u>Before filing Designated Material or discussing or referencing such material in court filings, the filing party shall confer with the Designating Party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the Designating Party will remove the designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is necessary. During the meet and confer process, the Designating Party must identify the basis for sealing the specific Designated Material at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. A party who seeks to maintain the designation of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.</u>

19.  <u>Proceedings held in the courtroom are presumptively public.</u> A party which reasonably anticipates it will use, disclose, seek the disclosure of, or be requested to disclose information or material at a hearing or at trial that is or will be designated as Export-Controlled material must notify all parties <u>and the Court</u> of the same <u>at least fourteen days before the hearing or trial</u>. The Court will determine how Designated Material will be treated during trial and other proceedings. ~~in accordance with ITAR, EAR, and NISPOM statutes and regulations. At a hearing or trial, Designated Material may only be introduced or disclosed or discussed in a closed courtroom or in chambers. No persons except for those permitted access by this Order to the Designated Material at~~

~~issue shall be permitted to attend any hearing or trial at such time as Designated Material information is disclosed. Portions of transcripts of hearing or trial proceedings, or introduced exhibits, where Designated Material is disclosed must be marked as the type of Designated Material at issue and access to the marked portions shall be restricted as consistent with this Order.~~

20. Upon final termination of this action as to any Designating Party (whether by settlement, judgment, dismissal, or otherwise), all Designated Material produced by that Designating Party, and copies thereof <u>other than that contained in the Court's records</u>, shall be destroyed or promptly returned (and in no event later than forty-five (45) days after said termination) to that Designating Party. In the case of transcripts the Designated Material shall be destroyed or permanently redacted including any electronically stored transcripts or copies. The receiving party shall provide to the Designating Party a certification that all Designated Materials have been returned or destroyed, or in the case of transcripts, permanently redacted (including any electronically stored copies).

~~21. Inadvertent production of Confidential material prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim that the material is Confidential. Any such error shall be corrected within a reasonable time.~~

22. Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver. If a Designating Party becomes aware that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the Designating Party will promptly notify each receiving party in writing of the inadvertent production. When a party receives notice of such inadvertent production, it shall return all copies of inadvertently produced material within three business days.

23. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further order relating to Designated Material; or to object to the

PROTECTIVE ORDER – PAGE 9
(No. 2:19-cv-00793-RSL)

production of Designated Material; or to apply to the Court for an order compelling production of Designated Material; or for modification of this Order; or to seek any other relief from the Court.

24. Entering into or agreeing to this Order and/or receiving or producing Designated Material pursuant to this Order or otherwise complying with the terms of this Order shall not:

  a. be construed as an admission that such material, or any testimony concerning such material, would be admissible in evidence in this litigation or in any other proceeding;

  b. ~~operate as an admission by any party that any particular information or material designated as Confidential contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;~~

  c. ~~operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be Confidential;~~

  d. prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

  e. prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

  f. prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Order;

  g. prejudice in any way the rights of a party to make a showing that information or materials are of proprietary or competitive value;

  h. prevent the parties to this Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions

or protections provided for herein with respect to any particular information or material; or

    i.    shift any evidentiary burdens with respect to the protection or production of documents or information in this action.

25.    The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

26.    ~~Upon final termination of this action, the Clerk shall return to counsel or destroy any Designated Materials that were not sealed provided that no Notice of Appeal has been filed, and the time for filing such Notice of Appeal has expired.~~

IT IS SO ORDERED.

Dated this 5th day of February, 2020.

*/s/ Robert S. Lasnik*

The Honorable Robert S. Lasnik

PROTECTIVE ORDER – PAGE 11
(No. 2:19-cv-00793-RSL)

# EXHIBIT A

I have read and received a copy of the Protective Order entered in the lawsuit entitled *Charlotte Wineland, Individually, and Susan Wineland, as Personal Representative of the Estate of John Dale Wineland, Deceased, v. Air & Liquid Systems Corporation, et al.* No. 2:19-cv-00793-RSL, Dkt. # ___.

I attest that I am, (a) a party in this case; (b) counsel or staff for counsel representing a party in this case; (c) an outside vendor, including without limitation copy or filing service, court reporter, videographer; or, (d) an expert or consultant retained by a party in this case. I hereby agree that I will not disclose any information contained in Designated Material to any person unless permitted by this Order. I further agree not to use any such information for any purpose other than this litigation and pursuant to the restrictions set forth in this Order.

I attest that I am qualified under all U.S. Export Laws and Regulations[2] to receive Export-Controlled materials and information as set forth in the Protective Order and that I will comply with all such Laws and Regulations with regard to the receipt of any materials designated as Export-Controlled. I attest that I am a U.S. Person as that is defined at 22 CFR 120.15 and that I have not been charged with or convicted of the criminal statutes enumerated in 22 C.F.R. § 120.27 as referenced in Paragraph No. 7 of the Order. I agree that I will provide sufficient personal information to any Designating Party that produces Export-Controlled information or material in this matter so that the Designating Party may conduct a screening as set forth in Paragraph No. 7 of this Order before I receive any such materials or information. I understand that I am not eligible to receive and will not receive any such Export-Controlled information or materials if I do not successfully pass that screening.

---

[2] U.S. Export Control Laws shall include the U.S. Arms Export Control Act, as amended, 22 U.S.C. §§ 2751-2799, the International Traffic in Arms Regulations, as amended, 22 CFR 120-130 ("ITAR"), the Export Control Reform Act, 50 U.S.C. §§ 4801-4826, and/or the U.S. Export Administration Regulations, as amended, 15 CFR 730 et seq. ("EAR") and any regulations and orders administered by the Treasury Department's Office of Foreign Assets Control Regulations (31 CFR Chapter V).

Within thirty (30) days after the termination of the lawsuit against the Designating Party of any Designated Materials that I receive, I agree to return any and all copies of the Designated Materials produced by that Designating Party, as outlined in this Order, to counsel for the Designating Party or the party that I am working for or associated with so that the Designated Materials that I received can be returned to the Designating Party. I will not maintain a copy of any Designated Materials in my possession (or any notes, summaries, or abstracts of its substance) without the express, written authority from the Designating Party.

As a condition of having access to Designated Material, I agree and consent to be subject to the jurisdiction of The United States District Court for The Western District of Washington at Seattle with respect the enforcement of the provisions of the Order.

Full Name:

Business Address:

City and State of Residence:

DATED:

Signature: