1

2

3

4

5

6

HONORABLE ROBERT S. LASNIK

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

CHARLOTTE WINELAND, Individually, and
SUSAN WINELAND, as Personal
Representative of the Estate of JOHN DALE
WINELAND, Deceased,

Plaintiffs,

v.

AIR & LIQUID SYSTEMS CORPORATION,
et al.

Defendants.

Case No. 2:19-cv-00793-RSL

DEFENDANT CRANE CO.'S MOTION
FOR SUMMARY JUDGMENT

**NOTED FOR HEARING:
September 11, 2020**

**ORAL ARGUMENT REQUESTED**

16

## I.       INTRODUCTION AND RELIEF REQUESTED

17    Crane Co. respectfully requests that this Court dismiss all of Plaintiffs' claims against it

18    for at least two reasons.  First, Plaintiffs have set forth no evidence or testimony indicating that

19    Mr. Wineland worked with or around Crane Co. products at any time, including in a manner that

20    exposed him to asbestos.  Accordingly, they cannot satisfy their burden to show that asbestos

21    exposure resulting from Crane Co. products was a substantial factor in the development of Mr.

22    Wineland's alleged disease.  Second, even if Plaintiffs were able to identify any evidence that Mr.

23    Wineland worked with or around Crane Co. products (which they have not), Plaintiffs further

24    could not demonstrate that such products contained asbestos-containing original component parts

25    for which Crane Co. is responsible.  Plaintiffs' claims should be dismissed with prejudice.

26

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 370-7955
FACSIMILE: (206) 370-6169

## II.   STATEMENT OF FACTS

Plaintiffs brought claims in this lawsuit against approximately 26 defendants, including Crane Co., alleging that defendants manufactured, supplied, or were otherwise responsible for asbestos-containing products that caused Mr. Wineland to develop mesothelioma.  *See* Dkt. 53. Crane Co. is a manufacturer of industrial equipment.  Plaintiffs allege that during his time in the Navy, Mr. Wineland operated and maintained equipment that Crane Co. and other manufacturers designed to work with asbestos-containing component parts and insulation.  *Id.* at ¶¶ 3.1-3.4.

Mr. Wineland did not give a deposition prior to his passing.  Declaration of G. William Shaw, filed herewith, ¶2.  No fact witness has provided any testimony regarding Mr. Wineland's alleged work with Crane Co. equipment.  *Id.*

Plaintiffs originally filed this case on May 24, 2019.  *See* Dkt. 1.  Crane Co. previously withdrew its fully briefed Motion for Summary Judgment to allow additional time for discovery following the passing of one of Plaintiffs' experts.  *See* Dkt. 94, 95, 145, 169.  Discovery closed on August 10, 2020.  Dkt. 281.

## III.   AUTHORITY

### 1.   Summary Judgment Standard

Under Fed. R. Civ. P. 56(a), summary judgment is proper where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  If a defendant has met this burden, the burden shifts to the plaintiff.  *Celotex v. Catrett*, 477 U.S. 317, 322 (1986).  If the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," then the trial court should grant the motion.  *Id.*  A mere "scintilla" of evidence is insufficient to avoid summary judgment; rather, "there must be evidence on which the jury could reasonably find for the plaintiff."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  A plaintiff may not rely on mere conclusory allegations unsupported by factual data to establish the existence of a factual dispute.  *Hansen v. U.S.*, 7 F.3d 137, 138 (9th Cir. 1993).

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 370-7955
FACSIMILE: (206) 370-6169

**2.**     **Plaintiffs cannot establish that Mr. Wineland was exposed to respirable asbestos from a product manufactured, sold, or specified for use by Crane Co.**

Whether the Court applies maritime or Washington law, Plaintiffs cannot meet their burden of proof.  Under maritime law, plaintiffs must demonstrate that exposure to a particular product was a substantial contributing factor to the plaintiff's injury.  *McIndoe v. Huntington Ingalls Inc.*, 817 F.3d 1170, 1174-1176 (9th Cir. 2016); *Lindstrom v. A-C Product Liab. Trust*, 424 F.3d 488, 492 (6th Cir. 2005), *overruled on other grounds by Air & Liquid Sys. Corp. v. DeVries*, 139 S. Ct. 986 (2019).  To satisfy this burden, the plaintiff must provide evidence "that the injured person had substantial exposure to the relevant asbestos for a substantial period of time."  *McIndoe*, 817 F.3d at 1176.

Under Washington law, a plaintiff must furnish sufficient evidence to support an inference that the product was a substantial factor in causing the injury.  *See, e.g.*, *Lockwood v. AC&S, Inc.*, 109 Wn.2d 235, 245-248, 744 P.2d 605 (1987).  Washington courts consider a number of factors to determine whether a sufficient causal connection exists between the alleged injury and an asbestos-containing product.  These factors include the plaintiff's proximity to the product; the expanse of the worksite where the asbestos fibers were released; the amount of time the plaintiff was exposed; the types of products to which plaintiff was exposed; the amount of asbestos contained in the product; the tendency of the product to release asbestos fiber; and the manner in which the products were handled.  *Lockwood*, 109 Wn.2d at 248-49.

Here, there is no evidence or testimony that Mr. Wineland worked with or around Crane Co. products.  Accordingly, Plaintiffs have not and cannot provide sufficient evidence to demonstrate that asbestos exposure from any product associated with Crane Co. was a substantial factor in the development of Mr. Wineland's alleged disease.

Moreover, as several recent Western District of Washington cases involving allegations of asbestos exposure reflect, even if Plaintiffs were able to show that Mr. Wineland at some point worked at a location where a Crane Co. product was present, such evidence, in and of itself, would

DEFENDANT CRANE CO.'S MOTION
FOR SUMMARY JUDGMENT - 3
(Case No. 2:19-cv-00793-RSL)

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 370-7955
FACSIMILE: (206) 370-6169

1  still be insufficient to defeat summary judgment.  In *Yaw v. Air & Liquid Systems Corp.*, 2019 WL

2  3531232, at *2 (W.D. Wash., Sept. 25, 2019), the plaintiff identified particular ships on which he

3  worked, including in dusty engine and boiler rooms.  The court nonetheless granted summary

4  judgment to the defendant equipment manufacturers, holding that plaintiff had "fail[ed] to identify

5  a specific time that [plaintiff] was on a particular ship and exposed to a particular product that had

6  produced or was producing asbestos dust."  *Id.* at *4.  The court further noted that establishing the

7  mere presence of a defendant's products in the workplace is "insufficient."  *Id.*

8      In another recent case, plaintiff alleged that the decedent worked around pumps that were

9  covered with asbestos insulation.  *Klopman-Baerselman v. Air & Liquid Systems Corporation*,

10  2019 WL 5064765, at *2 (W.D. Wash., Oct. 9, 2019).  Plaintiff further presented evidence that

11  defendant supplied a pump to one of the ships where the decedent worked.  *Id.* at *1.  The court,

12  however, held that plaintiff's evidence was insufficient to show a reasonable connection between

13  the decedent's injuries and the defendant's products, noting that plaintiff did not offer "testimony

14  of witnesses with personal knowledge of decedent using or otherwise being exposed to an

15  asbestos-containing product for which [defendant] is responsible."  *Id.* at *4.  Likewise, in *Deem*

16  *v. Air & Liquid Systems Corporation*, 2019 WL 6251040, at *3 (W.D. Wash., Nov. 22, 2019), one

17  of the decedent's former co-workers testified that he worked on the defendant's products, and the

18  decedent would have as well, because "[t]hat was part of our trade."  Despite this testimony, the

19  co-worker could not recall any particular brand of equipment that he and the decedent worked on

20  together.  *Id.*  The court held that plaintiff's evidence was insufficient to defeat summary judgment.

21  *Id.* at *5.

22      Just last week, Judge Deborah K. Chasanow of the District Court of Maryland dismissed

23  all claims against Crane Co. under similar facts to those presented here.  In *Hailey v. Air & Liquid*

24  *Systems Corp., et. al.*, 2020 WL 4732141 (D. Md., Aug. 14, 2020), the plaintiff provided evidence

25  that the decedent worked primarily in the aft engine room on the USS Henderson.  *Id.* at *1.  One

26  of decedent's co-workers described work that he and the decedent performed on valves and

DEFENDANT CRANE CO.'S MOTION
FOR SUMMARY JUDGMENT - 4
(Case No. 2:19-cv-00793-RSL)

testified that Crane Co. valves "sounded familiar." *Id.* at 8.  Plaintiff's naval expert likewise testified that there were Crane Co. valves on the ship, including, "more likely than not," in the aft engine room.  *Id.*  The court held that plaintiff's evidence was insufficient to create a genuine issue of material fact under maritime law or Maryland's substantial factor test, as "[c]ourts applying each of these standards have stressed the importance of understanding the physical dimensions of the workplace where a decedent worked.  In other words, whether the court is looking for proof of 'regular, frequent exposure' or 'substantial exposure,' evidence of *actual* exposure to [a] Defendant's specific products is a baseline requirement – and one that cannot be met merely by proving that the defendant's products were present at a decedent's workplace."  *Id.* at 5 (emphasis in original).

The court's analysis as to Crane Co. applies equally to this matter:

> Plaintiffs' case for establishing substantial factor causation turns on a chain of uncertainties.  It is uncertain whether Crane valves were ever present in the aft engine room.  It is uncertain whether any Crane valves initially present in that engine room were subsequently replaced.  It is uncertain whether – even if present – any Crane valves required any work at all.  It is uncertain whether any Crane valves, if present and if requiring work, were actually worked on by [decedent] and not someone else.  And it is uncertain whether – if present and if requiring work, and if [decedent] did that work – [decedent] actually did such work regularly or frequently enough for specifically Crane valves to have been a substantial factor in causing [decedent's] mesothelioma.

*Id.* at 9.

Conversely, in *Mikelsen v. Air & Liquid Systems Corporation*, 2018 WL 4896247, at *4, n.6, (W.D. Wash., Oct. 10, 2018), this Court denied a defendant manufacturer's motion for summary judgment, noting that "[p]laintiffs have provided evidence specific to [defendant], including the types of products sold, the volume of product in the workplace, the way asbestos-containing materials were handled, the workplace environment, [plaintiff's] proximity to work that generates asbestos dust, dispersal rates, and the length of time [plaintiff] worked around [defendant's products]."  Here, however, there is no evidence or testimony that Mr. Wineland

DEFENDANT CRANE CO.'S MOTION
FOR SUMMARY JUDGMENT - 5
(Case No. 2:19-cv-00793-RSL)

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 370-7955
FACSIMILE: (206) 370-6169

1 worked with or around Crane Co. products, let alone that such work exposed him to asbestos.

2 Plaintiffs cannot meet their burden.

3      **3.**     **Crane Co. had no duty to warn about products it did not manufacture, supply, or sell.**

4      The Washington Supreme Court has held that equipment manufacturers may not be held

5 liable, under negligence or strict products liability, for failing to warn of the defects and dangers

6 posed by a product that they did not manufacture, sell, or otherwise place into the stream of

7 commerce. *Braaten v. Saberhagen Holdings, Inc.*, 165 Wn.2d 373, 396-97, 198 P.3d 493 (2008)

8 (equipment manufacturer is entitled to summary judgment where plaintiff fails to present

9 admissible evidence that he was actually exposed to original asbestos-containing gaskets or

10 packing); *Simonetta v. Viad Corp.*, 165 Wn.2d 341, 353-54, 362-63, 197 P.3d 127 (2008) (same

11 as to external insulation); *see also Air & Liquid Sys. Corp. v. DeVries*, 139 S. Ct. 986 (under

12 maritime law, manufacturer owes a duty to warn for third-party component parts only when (1) its

13 product requires incorporation of a part, (2) the manufacturer knows or has reason to know that

14 the integrated product is likely to be dangerous for its intended uses, and (3) the manufacturer had

15 no reason to believe the user would realize the hazard). To the extent Plaintiffs' theory as to Crane

16 Co. rests on exposure that Mr. Wineland may have had to asbestos-containing products made, sold,

17 or installed by others, but somehow encountered by Mr. Wineland while he was in proximity to

18 Crane Co. products, their claim(s) should be dismissed.

19      At issue in the *Simonetta* case was an evaporator that was installed on a Navy vessel, the

20 USS SAUFLEY, in the early 1940s. *Id.* at 346. After it was installed, and pursuant to Navy

21 requirements, the evaporator was insulated with asbestos-containing insulation that was

22 manufactured, sold, and installed by other companies. *Id.* Since the maker of the evaporator had

23 not manufactured, sold, or specified the use of the insulation or otherwise placed it in the stream

24 of commerce, the Court held that it could not be held liable under theories of negligence or products

25 liability. *Id.* at 362-63.

26      The defendants in *Braaten* were valve and pump manufacturers whose equipment was also

DEFENDANT CRANE CO.'S MOTION
FOR SUMMARY JUDGMENT - 6
(Case No. 2:19-cv-00793-RSL)

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 370-7955
FACSIMILE: (206) 370-6169

installed aboard Navy vessels. *Braaten*, 165 Wn.2d at 379. As was the case with the evaporator in *Simonetta*, the pumps and valves at issue in *Braaten* also sometimes received asbestos-containing insulation pursuant to Navy requirements, and Mr. Braaten claimed exposure to such insulation. *Id.* at 381. As it did in *Simonetta*, the court determined the valve and pump manufacturers were not liable to Mr. Braaten absent proof that they had manufactured or sold the insulation or otherwise placed it into the stream of commerce. *Id.* at 396-97.

In addition, the Court in *Braaten* also addressed the equipment manufacturers' liability with respect to replacement packing and gaskets. *Id.* at 391. Although Mr. Braaten claimed exposure to packing and gasket inside the defendants' equipment, the evidence was insufficient to show that he had worked with the original packing and gaskets supplied by the defendants, as opposed to replacement packing and gaskets that were manufactured and supplied by others. *Id.* at 396-97. Absent proof that the packing and gaskets to which Mr. Braaten was exposed were manufactured or sold by the defendant equipment manufacturers, or that the equipment manufacturers had specified or required the use of said material,[1] there was an insufficient connection by which to impose liability upon them under principles of negligence or strict products liability. *Id.*

Plaintiffs have no evidence that Mr. Wineland ever worked on or around Crane Co. products, let alone that such products contained component parts for which Crane Co. is responsible. Without such evidence, Plaintiffs cannot establish that Mr. Wineland was exposed to asbestos-containing materials for which Crane Co. is responsible. Accordingly, Plaintiffs' claims should be dismissed with prejudice.

//

---

[1] The *Braaten* court specifically found that Crane Co. valves could be used with both asbestos-containing and non-asbestos-containing parts, and thus did not require the use of asbestos-containing materials. *See id.*; *see also O'Neil v. Crane Co.*, 266 P.3d 987, 992 (Cal. 2012) (holding that, while Navy specifications, at times, mandated the use of asbestos-containing gasket materials, Crane Co. valves did not require such materials to operate, and it was entirely the decision of the Navy to use such materials with its shipboard equipment). Accordingly, even if this Court were to determine the "required use" test for legal responsibility applied in *DeVries* applicable here, summary judgment would be warranted pursuant to the conclusion of the Washington Supreme Court.

DEFENDANT CRANE CO.'S MOTION
FOR SUMMARY JUDGMENT - 7
(Case No. 2:19-cv-00793-RSL)

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 370-7955
FACSIMILE: (206) 370-6169

1

### IV.    CONCLUSION

2          For the foregoing reasons, Crane Co. respectfully requests that the Court dismiss Plaintiffs'

3  claims against it with prejudice.

4          DATED this 20th day of August, 2020.

5                                                    K&L GATES LLP

6

7

8                                                    By: *s/ G. William Shaw*
                                                         G. William Shaw, WSBA # 8573
9                                                        Ryan J. Groshong, WSBA # 44133
                                                         925 4th Avenue, Suite 2900
10                                                       Seattle, WA  98104
                                                         Email:  bill.shaw@klgates.com
11                                                               ryan.groshong@klgates.com
                                                                 se.asbestos@klgates.com
12
                                                         *Attorneys for Crane Co.*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 370-7955
FACSIMILE: (206) 370-6169

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on the 20th day of August, 2020, I electronically filed the foregoing

3

with the Clerk of the Court using the CM/ECF system which will send notification of such filing

4

to the following:

5

Brian D. Weinstein
Alexandra B. Caggiano

6

Weinstein Caggiano PLLC
601 Union Street, Suite 2420

7

Seattle, WA  98101
Email:  brian@weinsteincaggiano.com

8

         alex@weinsteincaggiano.com
         service@weinsteincaggiano.com

9

10

Scott L. Frost
Andrew Seitz (*admitted pro hac vice*)

11

Frost Law Firm PC
273 West 7th Street

12

San Pedro, CA  90731
Email: scott@frostlawfirm.com

13

         andrew@frostlawfirm.com
         admin@frostlawfirm.com

14

15

*Attorneys for Plaintiffs*

Jeffrey M. Odom
Angie R. Nolet

16

Lane Powell PC
1420 5th Avenue, Suite 4200

17

Seattle, WA  98101
Email:  odomj@lanepowell.com

18

         noleta@lanepowell.com

19

*Attorneys for Anchor/Darling Valve*

20

*Company (improperly named as Flowserve US, Inc.)*

Mark B. Tuvim
Kevin J. Craig
Trevor J. Mohr
Gordon & Rees Scully Mansukhani, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Email:  mtuvim@grsm.com
         kcraig@grsm.com
         tmohr@grsm.com
         seaasbestos@grsm.com

*Attorneys for Air & Liquid Systems Corporation; Ingersoll-Rand Company; Milwaukee Valve Company, Inc.; and Velan Valve Corporation*

Ronald C. Gardner
Gardner Trabolsi & Associates PLLC
2200 Sixth Avenue, Suite 600
Seattle, WA  98121
Email:  rgardner@gandtlawfirm.com

*Attorneys for Auburn Technology, Inc.*

21

22

23

24

25

26

DEFENDANT CRANE CO.'S MOTION
FOR SUMMARY JUDGMENT - 9
(Case No. 2:19-cv-00793-RSL)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Jeanne F. Loftis
Lorianne Hanson
Bullivant Houser Bailey PC
888 SW Fifth Avenue, Suite 300
Portland, OR  97204
Email:  jeanne.loftis@bullivant.com
        lorianne.hanson@bullivant.com
        asbestos-pdx@bullivant.com

*Attorneys for Aurora Pump Company; and Taco, Inc.*

Ryan W. Vollans
Nicole R. MacKenzie
Megan E. Uhle
Williams Kastner
601 Union Street, Suite 4100
Seattle, WA  98101
Email:  rvollans@williamskastner.com
        nmackenzie@williamskastner.com
        muhle@williamskastner.com
        wkgasbestos@williamskastner.com

*Attorneys for Carrier Corporation*

Timothy K. Thorson
Carney Badley Spellman PS
701 Fifth Avenue, Suite 3600
Seattle, WA  98104
Email:  thorson@carneylaw.com
        asbestos@carneylaw.com

*Attorneys for Cleaver-Brooks, Inc.*

Christine E. Dinsdale
Rachel A. Rubin
Soha & Lang, P.S.
1325 Fourth Avenue, Suite 2000
Seattle, WA  98101-2570
Email:  dinsdale@sohalang.com
        rubin@sohalang.com
        asbestos@sohalang.com

*Attorneys for BW/IP, Inc.; Alfa Laval, Inc.; and Flowserve Corporation f/k/a the Duriron Company (improperly named as Flowserve US, Inc.)*

Christopher S. Marks
Erin P. Fraser
Tanenbaum Keale, LLP
One Convention Place
701 Pike Street, Suite 1575
Seattle, WA  98101
Email:  cmarks@tktrial.com
        efraser@tktrial.com
        seattle.asbestos@tktrial.com

*Attorneys for CBS Corporation; Electrolux Home Products, Inc.; and General Electric Company*

Claude Bosworth
Shaun M. Morgan
Rizzo Mattingly Bosworth PC
1300 SW Sixth Avenue, Suite 330
Portland, OR  97201-3530
Email:  cbosworth@rizzopc.vom
        smorgan@rizzopc.com
        asbestos@rizzopc.com

*Attorneys for Curtiss-Wright Flow Control Corp.; and Gardner Denver, Inc.*

DEFENDANT CRANE CO.'S MOTION
FOR SUMMARY JUDGMENT - 10
(Case No. 2:19-cv-00793-RSL)

1
2
3
4
5
6

Randy J. Aliment
Rachel Tallon Reynolds
Taryn M. Basauri
Lewis Brisbois Bisgaard & Smith LLP
1111 Third Avenue, Suite 2700
Seattle, WA  98101
Email:  randy.aliment@lewisbrisbois.com
        rachel.reynolds@lewisbrisbois.com
        taryn.basauri@lewisbrisbois.com
        Seattle-Asbestos@lewisbrisbois.com

7
8

*Attorneys for Flowserve US, Inc., solely as*
*successor-in-interest to Edward Valves, Inc.;*
*Invensys Systems, Inc.; and Robertshaw Controls*
*Co.*

Michael E. Ricketts
James E. Horne
Gordon Thomas Honeywell
600 University Street, Suite 2915
Seattle, WA  98101
Email:  mricketts@gth-law.com
        jhorne@gth-law.com
        service@gth-law.com

*Attorneys for IMO Industries, Inc.*

9
10
11
12
13
14
15

Dana C. Kopij
Tyler J. Hermsen
Williams Kastner
601 Union Street, Suite 4100
Seattle, WA  98101
Email:  dkopij@williamskastner.com
        thermsen@williamskastner.com
        WKGasbestos@williamskastner.com

*Attorneys for The Nash Engineering Company*

Christopher S. Marks
Malika Johnson
Erin P. Fraser
Alice C. Serko
Tanenbaum Keale, LLP
One Convention Place
701 Pike Street, Suite 1575
Seattle, WA  98101
Email:  cmarks@tktrial.com
        mjohnson@tktrial.com
        efraser@tktrial.com
        aserko@tktrial.com
        seattle.asbestos@tktrial.com

16
17
18
19
20

George D. Yaronh (*admitted pro hac vice*)
D. David Steel (*admitted pro hac vice*)
Yaron & Associates
1300 Clay Street, Suite 800
Oakland, CA  94612
Email:  gyaron@yaronlaw.com
        dsteele@yaronlaw.com

*Attorneys for Puget Sound Commerce*
*Center, Inc.*

21
22
23
24
25
26

J. Scott Wood
Diane C. Babbitt
Foley & Mansfield
999 Third Avenue, Suite 3760
Seattle, WA  98104
Email:  swood@foleymansfield.com
        dbabbitt@foleymansfield.com
        asbestos-sea@foleymansfield.com

*Attorneys for Syd Carpenter Marine Contractor,*
*Inc.*

J. Scott Wood
Kyle Jones
Foley & Mansfield
999 Third Avenue, Suite 3760
Seattle, WA  98104
Email:  swood@foleymansfield.com
        kjones@foleymansfield.com
        asbestos-sea@foleymansfield.com

*Attorneys for Tate Andale, Inc.*

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 370-7955
FACSIMILE: (206) 370-6169

James D. Hicks
Brian B. Smith
Foley & Mansfield
999 Third Avenue, Suite 3760
Seattle, WA  98104
Email:  jhicks@foleymansfield.com
        bsmith@foleymansfield.com
        asbestos-sea@foleymansfield.com

***Attorneys for The WM Powell Company***

        And I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:


        I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct

        SIGNED at Seattle, Washington, this 20th day of August, 2020.


                                 */s/ Sabrina Mitchell*
                                 Sabrina Mitchell, Sr. Practice Assistant

DEFENDANT CRANE CO.'S MOTION
FOR SUMMARY JUDGMENT - 12
(Case No. 2:19-cv-00793-RSL)

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 370-7955
FACSIMILE: (206) 370-6169