UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLOTTE WINELAND, Individually, and SUSAN WINELAND, as Personal Representative of the Estate of JOHN DALE WINELAND, deceased,

Plaintiffs,

v.

AIR & LIQUID SYSTEMS CORPORATION, *et al.*,

Defendants.

Cause No. C19-0793RSL

ORDER DENYING MOTION FOR LEAVE TO DEPOSE GREGORY BULLINGER

This matter comes before the Court on plaintiffs' motion to take a trial preservation deposition of Gregory Bullinger or, in the alternative, to reopen discovery for the deposition. Dkt. # 317. The Court assumes, for purposes of this motion, that use of Mr. Bullinger's deposition at trial would be permissible under Federal Rule of Civil Procedure 32(a)(4)(B) or (D). Plaintiffs have not, however, taken Mr. Bullinger's deposition, nor have they shown good cause for an extension of the August 9, 2020, discovery deadline.

Under Fed. R. Civ. P. 16(b)(4), case management deadlines established by the Court "may be modified only for good cause and with the judge's consent." The case management order in this case likewise states "[t]hese are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon

ORDER DENYING MOTION FOR LEAVE
TO DEPOSE GREGORY BULLINGER- 1

good cause shown; failure to complete discovery within the time allowed is not recognized as good cause." Dkt. # 281 at 2. The deadline for discovery is set so that the parties have all of the relevant evidence when they discuss settlement and file their dispositive motions. Now, after the parties filed a combined total of thirty-three dispositive motions, plaintiffs request an extension of the discovery deadline so that they may depose "the only eyewitness as to what work enginemen like . . . Mr. Wineland did while on the USS Tuscaloosa in the 1970s." Dkt. # 317 at 2.[1]

Rule 16 was amended in 1983 to require scheduling orders that govern pre-trial as well as trial procedures. The purpose of the change was to improve the efficiency of federal litigation: leaving the parties to their own devices until shortly before trial was apparently costly and resulted in undue delay. Under the 1983 amendment, once a case management schedule issues, changes will be made only if the movant shows "good cause."

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . .

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). *See also Zivkovic v. S. Cal. Edison Co.*, 302 F3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court," good cause was not shown).

Plaintiffs failed to show good cause for an extension of the discovery deadline. They

---

[1] Although the motion was filed on August 28, 2020, it did not become ripe for the Court's consideration until September 11th, three days after the dispositive motion deadline.

ORDER DENYING MOTION FOR LEAVE
TO DEPOSE GREGORY BULLINGER- 2

identified Mr. Bullinger as a potential witness in January 2020. When their expert suddenly died in the spring, the Court extended a number of case management deadlines, including the discovery cutoff: plaintiffs knew since March 2020 that they had to complete discovery by August 9th. They apparently made no effort to depose Mr. Bullinger. On or about July 30, 2020, however, the witness signed a declaration in this case stating bare facts regarding his work on the USS Tuscaloosa and asserting that he would "be out in the wilderness until the fall, away from any internet or cell service." Dkt. # 318 at 14. Plaintiffs do not explain why they did not depose Mr. Bullinger in the spring, why they chose to rely on a declaration just as discovery was ending, or why they now deem that declaration insufficient.[2] Having failed to show diligence in meeting the August 9th discovery deadline, plaintiffs have not shown good cause for an extension of that deadline.

For all of the foregoing reasons, plaintiffs' motion (Dkt. # 317) is DENIED.

Dated this 15th day of September, 2020.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

---

[2] Plaintiffs' vague assertion that Mr. Bullinger "will likely be unavailable to be called as a witness at trial in December" (Dkt. # 317 at 2) is belied by his declaration and the rest of the record, which shows that Mr. Bullinger's unavailability ends this week.

ORDER DENYING MOTION FOR LEAVE
TO DEPOSE GREGORY BULLINGER- 3