UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLOTTE WINELAND, Individually, and SUSAN WINELAND, as Personal Representative of the Estate of JOHN DALE WINELAND, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, *et al.*,<br><br>Defendants. | Cause No. C19-0793RSL<br><br>ORDER DENYING MOTION FOR RECONSIDERATION REGARDING DEPOSITION OF GREGORY BULLINGER |

This matter comes before the Court on plaintiffs' motion for reconsideration of an order denying them leave to take the deposition of Gregory Bullinger after the close of discovery. Dkt. # 407. Motions for reconsideration are disfavored in this district and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1). Plaintiffs have not met their burden.

Plaintiffs argue that the Court overlooked certain facts in the record when it concluded that plaintiffs failed to make timely efforts to depose Mr. Bullinger and therefore failed to show good cause why the discovery deadline should be reopened and extended. There is no indication that plaintiffs attempted to depose Mr. Bullinger at any point before the close of discovery.

ORDER DENYING MOTION
FOR RECONSIDERATION - 1

Rather, they made attempts to facilitate defendants' efforts to depose the witness and, when "defendants failed to notice his deposition or subpoena him for testimony, [p]laintiffs preserved his testimony in the pretrial discovery record by obtaining a declaration from Mr. Bullinger stating his expected testimony." Dkt. # 392 at 3. Having opted to rely on the declaration when responding to the inevitable summary judgment motions, plaintiffs must accept the consequences of not having explored and preserved the full scope of Mr. Bullinger's knowledge through a deposition. *See Cornwell v. Electra Cent. Credit Union*, 439 F3d 1018, 1027 (9th Cir. 2006) (noting that a "strategic decision not to preserve [the witness'] allegation in the pretrial discovery record" has consequences).[1]

For all of the foregoing reasons, plaintiffs' motion for reconsideration (Dkt. # 407) is DENIED.

Dated this 28th day of September, 2020.

Robert S. Lasnik
United States District Judge

---

[1] In *Cornwell*, the plaintiff neither deposed the witness nor obtained a pretrial declaration. The distinction makes no difference, however: in the absence of good cause for the failure to depose Mr. Bullinger in a timely manner, plaintiffs are limited to the record they chose to create when responding to defendants' motions for summary judgment.

ORDER DENYING MOTION
FOR RECONSIDERATION - 2