1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLOTTE WINELAND, Individually,
and SUSAN WINELAND, as Personal
Representative of the Estate of JOHN DALE
WINELAND, deceased,

　　　　　　　　Plaintiffs,

　　　v.

AIR & LIQUID SYSTEMS
CORPORATION, *et al.*,

　　　　　　　　Defendants.

Cause No. C19-0793RSL

ORDER DENYING MOTION TO
EXCLUDE WITNESSES

15

16

17

18

19

20

21

22

23

24

25

26

27

28

　　　This matter comes before the Court on defendant Auburn Technology, Inc.'s motion to

exclude the testimony of three witnesses who were shipmates of plaintiffs' decedent. Dkt. # 322.

Other defendants have joined in the motion. Dkt. # 340, 341, 343, 345, 353, 366, and 385.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court

finds as follows:

　　　In the summer of 2019, plaintiffs made their initial disclosures, identifying the muster

rolls for the ships on which plaintiffs' decedent worked as an exhibit and generically identifying

Mr. Wineland's shipmates as witnesses. Dkt. # 40 at 2-3. The muster rolls identified two of the

three witnesses at issue, William Pretzman and Gregory Bullinger, as shipmates of Mr. Wineland

aboard the USS Tuscaloosa but did not provide any contact information. Dkt. # 397-1 at 13.

ORDER DENYING MOTION
TO EXCLUDE WITNESSES - 1

Plaintiffs thereafter made efforts to locate all of the shipmates listed on the muster rolls, with minimal success. They were, however, able to make contact with Messrs. Pretzman, Bullinger, and Siepert, each of whom confirmed his presence aboard the USS Tuscaloosa at the time Mr. Wineland was on board the vessel. In January 2020, plaintiffs amended their initial disclosures to identify the three men as potential witnesses. Plaintiffs provided the witnesses' contact information (phone numbers and addresses) and represented that they would testify about the work performed on the vessel. Dkt. # 171 at 2.

When plaintiffs attempted to depose Mr. Pretzman, however, he stopped responding to communications. The deposition never happened. Plaintiffs' counsel informed defendants that they were having trouble locating the three witnesses and were therefore unable to provide details regarding their testimony. Plaintiffs' efforts to find alternative contact information and/or to make contact with the witnesses through the winter and spring of 2020 were generally unsuccessful.

In May 2020, Mr. Bullinger contacted plaintiffs, saying that he was often out of reach working an irregular schedule in the national park system. He stated that he was currently unavailable for a deposition, but would try to schedule something upon his return. By the time expert reports were due in June, plaintiffs had not interviewed any of the witnesses or otherwise discovered what information or knowledge they possess. The experts therefore prepared their reports without relying on the unknown testimony of the witnesses.

On July 6th, counsel for defendant Auburn Technology asked plaintiffs' counsel to "confirm that you do not intend to call as witnesses to testify at the trial of this case any lay or fact witnesses who claim to have observed Mr. Wineland's work or alleged asbestos exposure

ORDER DENYING MOTION
TO EXCLUDE WITNESSES - 2

during his service in the Navy. If you plan to call such witnesses, we wish to take their depositions as soon as possible." Dkt. # 322-6 at 1. This letter is the first and only attempt defendants made to locate, contact, or subpoena any of the three witnesses. Plaintiffs did not respond, neither confirming that the witnesses would not be called nor promising to make them available for deposition.

Plaintiffs had, in fact, heard from Mr. Bullinger just a few days prior to receiving defendant's letter, but only to learn that he was still unavailable. Plaintiffs made additional attempts to contact Mr. Bullinger during the remainder of the month, but it was not until they reached out to his wife on July 28, 2020, that they were able to get a declaration to the witness for his signature. Dkt. # 318 at 13-14. Within days of receiving the declaration, plaintiffs supplemented their initial disclosures, providing a copy of the declaration to defendants. Dkt. # 298 at 4, 7-8. They then supplemented their expert reports to reflect Mr. Bullinger's statements. Two of the experts, Captain Arnold Moore and Dr. David Zhang, had already been deposed before the supplementation. Defendants, too, supplemented their expert reports to address Mr. Bullinger's statements. Discovery closed on August 9, 2020, six days after plaintiffs disclosed Mr. Bullinger's declaration.

Auburn Technology filed this motion to exclude the testimony of Messrs. Pretzman, Bullinger, and Siepert from trial and to exclude any expert testimony that relies on Mr. Bullinger's declaration. In its motion, defendant argues that the witnesses were not properly disclosed until the very end of discovery and should therefore be excluded under Fed. R. Civ. P. 37. Plaintiffs showed, however, that as soon as they were able to locate Messrs. Pretzman, Bullinger, and Siepert and confirm that they had been shipmates of Mr. Wineland, they

ORDER DENYING MOTION
TO EXCLUDE WITNESSES - 3

supplemented their initial disclosures. Given the nature of the claims asserted in this lawsuit, defendants could not help but understand who these men are and the potential importance of their testimony regarding what Mr. Wineland did aboard the USS Tuscaloosa and which products were in the area. As of January 2020, almost seven months before the discovery cutoff, defendants had the witnesses' phone numbers and addresses. There is no indication that they attempted to contact or depose them, apparently expecting that plaintiffs would take some additional step to memorialize their testimony or at least signal that they were serious about calling the witnesses to testify at trial. Plaintiffs were under no obligation to depose their own witnesses, however, and could instead choose to rely on their declarations at the summary judgment stage. Nor have defendants shown that plaintiffs had a duty to produce non-party witnesses for deposition or interview in the circumstances presented here.

In reply, defendant argues that plaintiffs' duty to supplement their discovery responses extends not only to their initial disclosures and written discovery responses, but also to representations made to defendants during the course of discovery. No authority is cited for this proposition, and the Court declines to impose such an expansive and unworkable duty. Parties may, of course, rely on the truthfulness and accuracy of counsel's statements at the time they are made, but there is no on-going duty to "supplement" every conversation or letter. There is no indication that plaintiffs' January 2020 statement that they were having trouble locating the witnesses they had recently disclosed was inaccurate. Nor did they make false statements regarding the witnesses' availability thereafter or attempt to impede defendants' access to the witnesses in any way. Although plaintiffs disclosed their first and only substantive interaction with Mr. Bullinger within days of its occurrence, Auburn Technology asserts that they should

ORDER DENYING MOTION
TO EXCLUDE WITNESSES - 4

have disclosed that Mr. Bullinger had been in contact in May 2020. The source of this duty is unclear. Defendant argues that, if it had realized that plaintiffs were still attempting to locate the witnesses, it might have pursued discovery as well. The discovery rules do not impose a duty to repeatedly disclose a witness, however. That defendants made no effort to take discovery from Messrs. Pretzman, Bullinger, and Siepert cannot be blamed on plaintiffs' failure to remind defendants of their existence.

In their notice of joinder, defendants Air & Liquid Systems Corporation, Milwaukee Valve Company, Velan Valve Corporation, and Cleaver-Brooks, Inc, raised an additional argument regarding plaintiffs' alleged failure to supplement responses to interrogatories propounded by those defendants. Dkt. # 366. A notice of joinder is not the proper mechanism in which to raise distinct substantive arguments. Not only is the opposing party unlikely to identify a new argument in a document that purports to do nothing more than join in an existing motion (especially in a case like this where numerous joinders are filed), but unless the joinder is separately noted for consideration on the Court's calendar, the opposing party's response period is improperly curtailed. Even if the Court were to consider the new argument on its merits, it would not change the outcome here. Defendants' interrogatories sought the identity of persons with personal knowledge of Mr. Wineland's exposure to asbestos. That information was provided as part of plaintiffs' initial disclosures (or the supplements thereto), and defendants offer no justification for compelling duplicative responses.

//

ORDER DENYING MOTION
TO EXCLUDE WITNESSES - 5

1

2          For all of the foregoing reasons, defendant's motion to exclude from trial witnesses who

3   were disclosed approximately seven months before the discovery deadline (Dkt. # 322) is

4   DENIED.

5          Dated this 5th day of October, 2020.

6                                          _MNS Casnik_____

7                                          Robert S. Lasnik
                                           United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ORDER DENYING MOTION
     TO EXCLUDE WITNESSES - 6