1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLOTTE WINELAND, Individually,
and SUSAN WINELAND, as Personal
Representative of the Estate of JOHN DALE
WINELAND, deceased,

               Plaintiffs,

    v.

AIR & LIQUID SYSTEMS
CORPORATION, *et al.*,

               Defendants.

Cause No. C19-0793RSL

ORDER GRANTING THE WILLIAM
POWELL COMPANY'S AMENDED
MOTION FOR SUMMARY
JUDGMENT (DKT. # 321)

This matter comes before the Court on "Defendant The William Powell Company's

Amended Motion for Summary Judgment." Dkt. # 321. Plaintiffs' decedent, John Dale

Wineland, worked aboard a series of Navy ships and in Navy offices between 1963 and 1984.

Plaintiffs allege that Mr. Wineland was exposed to asbestos contained in Powell products while

aboard the USS TUSCALOOSA between 1972 and 1974. Mr. Wineland worked primarily in the

engine rooms of the ships to which he was assigned, repairing and maintaining machinery and

equipment such as diesel engines, pumps, air compressors, and valves. Mr. Wineland developed

mesothelioma, an asbestos-related disease, and died in 2018. Plaintiffs assert that Powell is liable

for Mr. Wineland's illness and death under theories of negligence and strict liability.

ORDER GRANTING THE WILLIAM
POWELL COMPANY'S AMENDED
MOTION FOR SUMMARY JUDGMENT - 1

Powell seeks summary dismissal of all of plaintiffs' claims, arguing that, under either Washington or maritime law, plaintiffs have failed to produce admissible evidence from which a jury could reasonably conclude that Mr. Wineland's exposure to asbestos from Powell products was a substantial contributing factor in his illness and death. Having reviewed the memoranda, declarations, and exhibits submitted by the parties[1] and taking the evidence in the light most favorable to plaintiffs, the Court finds as follows:

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." *Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 450 (9th Cir. 2018). Although the Court must reserve for the trier of fact genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be

---

[1] This matter can be decided on the papers submitted in connection with this motion and the supplemental briefing regarding the applicability of maritime law. The parties' requests for oral argument are DENIED.

ORDER GRANTING THE WILLIAM POWELL COMPANY'S AMENDED MOTION FOR SUMMARY JUDGMENT - 2

insufficient" to avoid judgment. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable fact finder could return a verdict in its favor. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1071 (9th Cir. 2019).

For the reasons set forth in the Order Granting Crane Co.'s Motion for Summary Judgment, the Court finds that maritime law applies to plaintiffs' tort claims. To prevail on their negligence and strict liability claims, plaintiffs "must demonstrate, among other things, that [Mr. Wineland's] injuries were caused by exposure to asbestos that was attributable to [Powell's] conduct." *McIndoe v. Huntington Ingalls Inc.*, 817 F.3d 1170, 1174 (9th Cir. 2016). *See also Lindstrom v. A-C Prod. Liab. Tr.*, 424 F.3d 488, 492 (6th Cir. 2005), *abrogated on other grounds by Air & Liquid Sys. Corp. v. DeVries*, __ U.S. __, 139 S. Ct. 986 (2019). To establish causation under maritime law, plaintiffs must show that Mr. Wineland's exposure to asbestos from Powell products "was a substantial contributing factor in causing his injuries." *McIndoe*, 817 F.3d at 1174. Evidence of only minimal exposure to asbestos dust attributable to each defendant is insufficient: plaintiffs must provide "evidence regarding the *amount* of exposure to dust" attributable to Powell and, "critically, the *duration* of such exposure." *Id.* at 1176-77 (emphasis in original). The evidence must show "a high enough level of exposure that an inference that the asbestos was a substantial factor in the injury is more than conjectural." *Id.* at 1176 (quoting *Lindstrom*, 424 F.3d at 492). "[M]ore is needed" than simply placing a

ORDER GRANTING THE WILLIAM
POWELL COMPANY'S AMENDED
MOTION FOR SUMMARY JUDGMENT - 3

defendant's products in the workplace and showing that the decedent was occasionally exposed to asbestos dust from those products. *Id*. at 1176-77.

While there is evidence that Powell "3 inch diameter 150 psi steel gate and globe stop check valves" were installed on the TUSCALOOSA during some undefined period (Dkt. # 424-2 at 20; *see also* Dkt. # 424-7 at 92-95) and that Mr. Wineland was exposed to significant levels of asbestos dust while working in the engine room of that vessel,[2] plaintiffs have not produced evidence from which a reasonable jury could conclude that he suffered a substantial exposure to asbestos dust from Powell products. Absent evidence regarding where the Powell valves were installed on the TUSCALOOSA and whether any of the potentially asbestos-containing valves were repaired or otherwise disturbed during Mr. Wineland's service on the vessel, it is impossible to draw any conclusions regarding whether Mr. Wineland was exposed to asbestos from Powell products, much less the amount or duration of the such exposure.

---

[2] Based on his extensive experience in the Navy and at naval shipyards, including the supervision of enginemen during the relevant time frame aboard the USS BRUMBY and the USS NEWPORT NEWS, Captain Arnold Moore opines that Mr. Wineland "likely . . . performed or very closely supervised repairs on all of the major machinery and many of the valves installed" in the enginee room of the TUSCALOOSA. Dkt. # 424-2 at 8. Captain Moore describes how these repairs would be carried out, including activities which would invariably create asbestos dust, including the removal of old, dried packing and gaskets and the cutting and installation of new packing and gasket materials Dkt. # 424-2 at 9. Plaintiffs' industrial hygienist, Steven Paskal, similarly opines that "it is virtually certain that [Mr. Wineland], and/or others in close proximity and/or in shared, enclosed airspaces, would have routinely removed and replaced gaskets and stem/shaft packing associated with . . . valves." Dkt. # 424-13 at 5. These activities would have exposed Mr. Wineland to an asbestos-containing aerosol that would remain suspended in air streams for extended periods of time at concentrations that ranged from hundreds to millions of times ambient pollution levels. Dkt. # 424-13 at 2-3 and 6. Gregory Bullinger, a shipmate of Mr. Wineland on the TUSCALOOSA, confirms that "work on the equipment in the engine room was regular, ongoing, and routine. We all removed and replaced packing and gaskets on the various equipment, including the valves, pumps, and ALCO diesel engines." Dkt. # 424-11 at 3.

ORDER GRANTING THE WILLIAM
POWELL COMPANY'S AMENDED
MOTION FOR SUMMARY JUDGMENT - 4

Plaintiffs have failed to raise a triable issue of fact regarding causation under maritime law. For all of the foregoing reasons, Powell's motion for summary judgment (Dkt. # 321) is GRANTED. Plaintiff's motion for summary judgment regarding Powell's affirmative defenses (Dkt. # 373) is DENIED as moot.

Dated this 2nd day of August, 2021.

*Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

ORDER GRANTING THE WILLIAM
POWELL COMPANY'S AMENDED
MOTION FOR SUMMARY JUDGMENT - 5