UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLOTTE WINELAND, Individually, and SUSAN WINELAND, as Personal Representative of the Estate of JOHN DALE WINELAND, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, *et al.*,<br><br>Defendants. | Cause No. C19-0793RSL<br><br>ORDER GRANTING THE WARREN PUMPS, LLC'S AMENDED MOTION FOR SUMMARY JUDGMENT (DKT. # 348) |

This matter comes before the Court on "Defendant Warren Pumps, LLC's Amended Motion for Summary Judgment." Dkt. # 348. Plaintiffs' decedent, John Dale Wineland, worked aboard a series of Navy ships and in Navy offices between 1963 and 1984. Plaintiffs allege that Mr. Wineland was exposed to asbestos contained in Warren Pumps products while aboard the USS DYNAMIC, the USS LOYALTY, the USS ESTEEM, and the USS TUSCALOOSA. Mr. Wineland worked primarily in the engine rooms of the ships to which he was assigned, repairing and maintaining machinery and equipment such as diesel engines, pumps, air compressors, and valves. Mr. Wineland developed mesothelioma, an asbestos-related disease, and died in 2018. Plaintiffs assert that Warren Pumps is liable for Mr. Wineland's illness and death under theories of negligence and strict liability.

ORDER GRANTING WARREN PUMPS, LLC'S
AMENDED MOTION FOR SUMMARY JUDGMENT - 1

Warren Pumps seeks summary dismissal of all of plaintiffs' claims, arguing that plaintiffs have failed to produce admissible evidence from which a jury could reasonably conclude that Mr. Wineland's exposure to asbestos from Warren Pumps products was a substantial contributing factor in his illness and death, as required by maritime law. Having reviewed the memoranda, declarations, and exhibits submitted by the parties[1] and taking the evidence in the light most favorable to plaintiffs, the Court finds as follows:

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." *Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 450 (9th Cir. 2018). Although the Court must reserve for the trier of fact genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th

---

[1] This matter can be decided on the papers submitted in connection with this motion and the supplemental briefing regarding the applicability of maritime law. The parties' requests for oral argument are DENIED.

ORDER GRANTING WARREN PUMPS, LLC'S
AMENDED MOTION FOR SUMMARY JUDGMENT - 2

Cir. 2014); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable fact finder could return a verdict in its favor. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1071 (9th Cir. 2019).

For the reasons set forth in the Order Granting Crane Co.'s Motion for Summary Judgment (Dkt. # 550), the Court finds that maritime law applies to plaintiffs' tort claims. To prevail on their negligence and strict liability claims, plaintiffs "must demonstrate, among other things, that [Mr. Wineland's] injuries were caused by exposure to asbestos that was attributable to [Warren Pumps's] conduct." *McIndoe v. Huntington Ingalls Inc.*, 817 F.3d 1170, 1174 (9th Cir. 2016). *See also Lindstrom v. A-C Prod. Liab. Tr.*, 424 F.3d 488, 492 (6th Cir. 2005), *abrogated on other grounds by Air & Liquid Sys. Corp. v. DeVries*, __ U.S. __, 139 S. Ct. 986 (2019). To establish causation under maritime law, plaintiffs must show that Mr. Wineland's exposure to asbestos from Warren Pumps products "was a substantial contributing factor in causing his injuries." *McIndoe*, 817 F.3d at 1174. Evidence of only minimal exposure to asbestos dust attributable to each defendant is insufficient: plaintiffs must provide "evidence regarding the *amount* of exposure to dust" attributable to Warren Pumps and, "critically, the *duration* of such exposure." *Id.* at 1176-77 (emphasis in original). The evidence must show "a high enough level of exposure that an inference that the asbestos was a substantial factor in the injury is more than conjectural." *Id.* at 1176 (quoting *Lindstrom*, 424 F.3d at 492). "[M]ore is needed" than simply placing a defendant's products in the workplace and showing that the decedent was

ORDER GRANTING WARREN PUMPS, LLC'S
AMENDED MOTION FOR SUMMARY JUDGMENT - 3

occasionally exposed to asbestos dust from those products. *Id*. at 1176-77.

There is evidence that the distilling plant pumps aboard the DYNAMIC, LOYALTY, and ESTEEM were provided by Warren Pumps. Dkt. # 445-3 at 14. The distilling plants were located in the forward engine room of the three vessels. Dkt. # 445-8 at 66; Dkt. # 445-9 at 94; Dkt. # 445-10 at 68.[2] Each distilling plant included three pumps and utilized asbestos pump shaft packing and compressed asbestos sheet gaskets. Dkt. # 445-3 at 14. Warren Pumps also provided asbestos-containing replacement parts to the Navy during the relevant time frame. Dkt. # 445-3 at 24.[3] In addition, "Warren Rupp manufactured air driven reciprocating pumps [were] installed on TUSCALOOSA." Dkt. # 445-3 at 20. *See also* Dkt. # 445-11 at 89.[4] Finally, there is evidence from which a reasonable jury could find that Mr. Wineland was exposed to significant levels of asbestos dust while working in the engine rooms of all four vessels.[5]

---

[2] The renderings of the forward engine room of an Aggressive-Class Minesweeper shows the distillation plant in the space. *See, e.g*, Dkt. # 455-8 at 37 and 76 (USS DYNAMIC).

[3] The only evidence regarding specific replacement parts orders relate to work performed on vessels other than those on which Mr. Wineland served. Dkt. # 445-3 at 24-25.

[4] The Court assumes, for purposes of this motion, that Warren Rupp-Houdaille, Inc. and the named defendant are the same entity.

[5] Based on his extensive experience in the Navy and at naval shipyards, including the supervision of enginemen during the relevant time frame aboard the USS BRUMBY and the USS NEWPORT NEWS, Captain Arnold Moore opines that Mr. Wineland was likely or extremely likely to have repaired, assisted in the repair, or very closely supervised the repair of the major machinery and valves installed in the engine rooms of the DYNAMIC, LOYALTY, ESTEEM, and TUSCALOOSA. Dkt. # 445-3 at 8. Captain Moore describes how these repairs would be carried out, including activities which would invariably create asbestos dust, including the removal of old, dried packing and gaskets and the cutting and installation of new packing and gasket materials Dkt. # 445-3 at 9. Plaintiffs' industrial hygienist, Steven Paskal, similarly opines that "it is virtually certain that [Mr. Wineland], and/or others in close proximity and/or in shared, enclosed airspaces, would have routinely removed and replaced gaskets and stem/shaft packing associated with . . . pumps . . . ." Dkt. # 445-17 at 5. These activities would have exposed Mr. Wineland to an asbestos-containing aerosol that would remain suspended in air

ORDER GRANTING WARREN PUMPS, LLC'S
AMENDED MOTION FOR SUMMARY JUDGMENT - 4

Plaintiffs have not, however, produced evidence from which a reasonable jury could conclude that Mr. Wineland suffered a substantial exposure to asbestos dust from Warren Pumps products. There is no evidence regarding where the Warren Pumps air driven reciprocating pumps were installed on the TUSCALOOSA, making it impossible to determine whether Mr. Wineland was exposed to asbestos from those pumps. Although the distilling plant pumps were located in Mr. Wineland's workspace and it is entirely possible that the pumps were maintained, repaired, or overhauled while Mr. Wineland served aboard one or more of the vessels,[6] there is no indication how frequent such activities might have been. It is plaintiff's burden to provide evidence showing "a high enough level of exposure that an inference that the asbestos was a substantial factor in the injury is more than conjectural." *McIndoe*, 817 F.3d at 1176 (quoting *Lindstrom*, 424 F.3d at 492). "[M]ore is needed" than simply placing a defendant's products in the workplace and showing that the decedent was occasionally exposed to asbestos dust from those products. *Id*. at 1176-77. Absent "evidence regarding the *amount* of exposure to dust" attributable to Warren Pumps and, "critically, the *duration* of such exposure," (*Id.* at 1176-77 (emphasis in original)), a jury would have to speculate as to whether asbestos from Warren Pumps products "was a substantial contributing factor in causing his injuries." *Id.* at 1174.

---

streams for extended periods of time at concentrations that ranged from hundreds to millions of times ambient pollution levels. Dkt. # 445-17 at 2-3 and 6. Gregory Bullinger, a shipmate of Mr. Wineland on the TUSCALOOSA, confirms that "work on the equipment in the engine room was regular, ongoing, and routine. We all removed and replaced packing and gaskets on the various equipment, including the valves, pumps, and ALCO diesel engines." Dkt. # 445-15 at 3.

[6] Mr. Wineland served aboard the DYNAMIC from September 1963 to September 1966, the LOYALTY from September 1970 to July 1972, the TUSCALOOSA from July 1972 to December 1974, and the ESTEEM from March 1978 to October 1980.

ORDER GRANTING WARREN PUMPS, LLC'S
AMENDED MOTION FOR SUMMARY JUDGMENT - 5

Plaintiffs have failed to raise a triable issue of fact regarding causation under maritime law. For all of the foregoing reasons, Warren Pumps's motion for summary judgment (Dkt. # 348) is GRANTED. Plaintiff's motion for summary judgment regarding Warren Pumps's affirmative defenses (Dkt. # 372) is DENIED as moot.

Dated this 5th day of August, 2021.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge